HASELTINE and another vs. SIMPSON.

*October 20 — November 6, 1884.*

EJECTMENT: NEW TRIAL. *(1) Notice of motion unnecessary. (2) When judgment is "rendered."*

1. Under sec. 3092, R. S., a new trial in an action of ejectment is granted *as a matter of course,* and no notice need be given of the application therefor.

2. A judgment in ejectment is not *rendered,* within the meaning of sec. 3092, R. S. (requiring the application for a new trial to be made "within one year from the *rendition* thereof"), until the costs are taxed and inserted therein.

APPEALS from the Circuit Court for *Oconto* County.

Ejectment. The cause was before this court on a former appeal, and is reported in 58 Wis. 579. The plaintiffs now appeal from two several orders, dated respectively May 26, and May 27, 1884, denying applications for a new trial under sec. 3092, R. S. The facts sufficiently appear from the opinion.

For the appellants there were separate briefs by *Charles F. Crosby* and *Moses Hooper,* of counsel, and the causes were argued orally by *Mr. Hooper* and *Mr. C. V. Bardeen.*

For the respondent there were briefs by *Webster & Brazeau,* and oral argument by *Mr. Webster.* They contended, *inter alia,* that the motion should have been heard and determined within one year after the rendition of 'the judgment. *Chautauqua Co. Bank v. White,* 23 N. Y. 347; *McKnight v. Livingston,* 46 Wis. 356, and cases cited. The judgment is the final determination of the rights of the parties (sec. 2882, R. S.); and to pronounce the decision — to declare such rights — orally or in writing, is to *render* the judgment. 1 Rapalje & L. Law Dict. 694; *Wearne v. Smith,* 32 Wis. 412; *Kleinsteuber v. Schumacher,* 35 id. 608; *Casement v. Ringgold,* 28 Cal. 335. The rendition of the judgment is a judicial act. Freeman on Judg. sec. 28;

*Matthews v. Houghton,* 11 Me. 377. The entry of judgment is not a part of its rendition. "The judgment is not what is entered, but what is ordered and considered." *Fleet v. Youngs,* 11 Wend. 522; *Furlong v. Griffin,* 3 Minn. 207; *McLaughlin v. Doherty,* 54 Cal. 519; *Lee v. Tillotson,* 4 Hill, 27; *Anderson v. Mitchell,* 58 Ind. 592; Freeman on Judg. sec. 38; *Davis v. Shaver,* 1 Phillips' Law (N. C.), 18; *Gray v. Palmer,* 28 Cal. 416; *Peck v. Courtis,* 31 id. 207; *Genella v. Relyea,* 32 id. 159.

Upon the appeal from the order of May 26, 1884, the following opinion was filed:

ORTON, J. The judgment was announced by the court and a minute thereof made by the clerk, and a formal judgment drawn up and signed by the judge on the 23d day of September, 1882, but such formal judgment in writing and the findings were not filed until the 2d day of March, 1883, and the costs were taxed and entered in a blank thereof on the 17th day of February, 1883. Notice of the entry of said judgment was given on the 16th day of March, 1883. On the 7th day of July, 1883, an appeal was taken from said judgment to this court, and return made thereon on the 11th day of July, and filed in this court on the 13th day of July, 1883. The judgment was affirmed by this court on the 20th day of November, 1883, and the *remittitur* was filed on the 21st day of January, 1884. On the 28th day of March, 1884, notice of a motion for a new trial under the statute and of the undertaking to pay costs was served, and at the same time all the costs in this court and the circuit court in the case were tendered to the defendant's attorneys and refused. This motion was denied without prejudice on the 22d day of April, 1884. On the 19th day of May following, notice of a like motion, referring to the files and accompanied by an affidavit of the facts, was served, but by accident service was made one day too late, and objection was

taken to it on that account, and the motion denied on that ground on the 26th day of May, and on the same day an order was made to show cause why that motion should not be heard and granted; and on the 27th the motion was again denied, and an appeal has been taken from each of said last two orders to this court.

. The last motion, at least, was denied on the ground that the one year had expired since the rendition of the judgment, and that it was, therefore, too late for the application to vacate the judgment and grant a new trial in the action under sec. 3092, R. S. That section is: "The court in which any such judgment [in ejectment] shall have been rendered, otherwise than upon failure to answer, shall, upon application of the parties against whom the same was rendered, his heirs, etc., within one year from the rendition thereof, vacate the judgment and grant a new trial upon condition that all costs recovered thereby, or awarded on affirmance of such judgment on appeal or writ of error, be paid, and that the applicant execute and file an undertaking with sufficient sureties, in such sum as the court shall direct, to the effect that he will pay all costs and damages which may be finally awarded the other party." The section then provides that the time during which the action may be pending in the supreme court, from the taking of the appeal to the filing of the *remittitur*, shall not be reckoned a part of such one year.

The first question presented is one of practice,— whether a formal motion and notice thereof are necessary to such application to vacate the judgment and grant a new trial. The language of the statute is mandatory and imperative. The court *shall*, upon application, vacate the judgment and grant a new trial within one year from the rendition thereof. The *court shall* do this, not that the party shall make application within one year. If the application is made on the last day within one year, the *court shall* vacate, etc., within

the year, or on the same day, or at once. The court could not lawfully say that you have made the application too late to be properly considered, and deny the application, or postpone action thereon beyond the year. The party is entitled to the whole time within one year to make the application. The court has no discretion in the matter; it shall vacate if and when the application is made, and upon it. The other party, if present, could interpose no objection to the application, or delay, hinder, or influence the action of the court thereon. This is what the statute means, by the plain and obvious sense of the language; any other construction would defeat its purpose and object.

Mr. Tyler, in his work on Ejectment, 635, in construing similar language in the statute of New York, uses the word "must" to express its mandatory character. "The court *must* vacate the same and grant a new trial upon the proper application, and upon payment of the costs and damages." It is a matter of *right*, and the application cannot be refused. Sedg. & W. Tr. Title to Land, § 578; *Rogers v. Wing*, 5 How. Pr. 50; *Schrodt v. Bradley*, 29 Ind. 352; *People ex rel. Dennison v. Circuit Judge*, 37 Mich. 281. It is said in *Chamberlain v. McCarty*, 63 Ill. 263: " By a fair construction of the statute under consideration it was certainly the intention of the legislature to give to each party a new trial as a *matter of course*, upon compliance with the statute." It being a matter of course, it is *ex parte* and requires no notice. 2 Tiff. & S. Pr. 428; 4 Wait's Pr. 595; 1 Whit. Pr. 352.

It follows that any one or all of the applications in the several motions brought to the attention of the court were sufficient and complied with the statute.

The other and more difficult question is whether such application was made in the time required by the statute. The language to be considered is: " Within one year from the *rendition* thereof, vacate the judgment and grant a new

trial upon the condition that all costs *recovered thereby*, or awarded on affirmance of such judgment on appeal, etc., *be paid*, and that the applicant execute and file an under-taking, etc., to the effect that he will pay all costs and damages which *may be finally* awarded the other party." Treating the judgment as having been *rendered* on the 2d day of March, 1883, when the written judgment and the findings of the court were first filed, with the costs, first taxed on the 17th day of February preceding, inserted in said judgment, within the meaning of the statute, and de-ducting the time between the appeal and *remittitur*, said applications were within the year.

When was this judgment perfected so as to allow of its vacation and the granting of a new trial upon application, within the meaning of the statute? To construe this, or similar statutes of limitation, too much stress must not be given to such words as " rendition " or " entry," as applied to the judgment. In sec. 3039, R. S., both of these terms are used to designate the same time. The time of appeal or writ of error " is limited to two years before the *entry* of such judgment, except when the party is under disability when such judgment is *rendered*, or at the time of the *ren-dition* thereof," etc. They are here used interchangeably. The old law provided that no judgment should be reversed by this court unless the writ of error was sued out within four years next after the *rendition* of the judgment. Ch. 193, Laws of 1850 (sec. 2902, R. S.), makes the judgment a lien on land " when so *docketed*." An execution may issue when the judgment has been *given*, etc., by sec. 2965, R. S. Sale on foreclosure shall not be made until the expiration of one year from the *date* of such judgment. Sec. 3162, R. S. Many other statutes may be found where the same or other words are used, and they may have the same or a different meaning as they are used in the statute. This action was tried by the court, and a finding of facts was necessary, and

such finding was made and filed, but not until March 2, 1883, when the judgment was filed. Sec. 2863, R. S., provides that "upon a trial of a question of fact by the court, its decision shall be given in writing, and filed with the clerk within twenty days, etc., and judgment *upon the decision* shall be *entered* accordingly," etc. This statute clearly implies that the judgment shall follow, and not precede, the finding or decision of the facts. The judgment is based upon the finding.

In *Stansell v. Corning*, 21 Mich. 242, under a similar statute, it was held that when the cause is tried by the court without a jury, and a written finding demanded, "until such finding there can be nothing on which to found the judgment," and that the judgment should no more precede the finding than it should the verdict of the jury when the case is so tried. In Michigan, the statute allowing the first new trial in ejectment is in the same language as ours, excepting the time limited is "within *three years* after the *rendition* of the judgment," instead of one year; and in *People ex rel. O'Blinskie v. Judge Circuit Court*, 34 Mich. 62, it was held that no judgment was or could be rendered until after the findings of fact by the court; and when a finding had been once made and judgment rendered thereon, and additional and further findings were made at the request of the defendant, long after the first, it was held that the three years began to run from such last findings. The exceptions were made to the findings in this case on the 21st of March following their being filed, and could not have been made before they were filed, preparatory to an appeal from the judgment. But the decisions of this court clearly require the perfection of the judgment by the taxation of the costs and their insertion therein before such a limitation would begin to run.

In *Bonesteel v. Bonesteel*, 30 Wis. 151, it was held that, until the costs are adjusted and inserted in the judgment,

written notice of the *entry* of judgment cannot be given so as to set running the sixty days allowed for serving a bill of exceptions. The counsel of the respondent seem to have followed this decision, for they gave the plaintiff no notice of the rendition of judgment in this case until it was so perfected. In *Cord v. Southwell*, 15 Wis. 211, it was held that an order for the taxation of costs was an order *before* judgment, and could not, therefore, be reviewed unless exception to it is filed, and that an order fixing costs to be inserted in the judgment, though made after the judgment was otherwise complete, is to be regarded, for the purpose of appeal and review, as having been made *before* the judgment. In *Smith v. Hart*, 44 Wis. 230, it was held that a judgment was not perfected or *entered*, so as to allow an appeal therefrom, until the costs are taxed and inserted therein. In *Andrews v. Welch*, 47 Wis. 132, it was held that, under sec. 3162, R. S., a foreclosure sale could not be made within one year from the date at which the judgment, as formally entered, is rendered perfect by the taxation of the costs and insertion of the same in the judgment, so as to inform the person entitled to redeem of the exact sum to be paid. Mr. Justice TAYLOR says, in the opinion, that "the costs are a part of the plaintiff's judgment, and it is just as necessary· to the defendant's rights that they should be adjusted, and the amount fixed by the judgment, as it is that the amount due upon the debt secured by the mortgage should be ascertained and fixed *thereby*."

It would seem to be as necessary that the defeated party in ejectment should have one year in which to pay the costs and vacate the judgment against him, as that the defendant in foreclosure should have the one year in which to pay the costs in order to redeem. In either case he is entitled to know, during the whole year, just what he is bound to pay to obtain relief. The language of the section under consideration is, "upon condition that all costs *recovered*

*thereby,* etc., be paid." The language of Judge TAYLOR is, "ascertained and fixed *thereby.*" The meaning must be the same. To obtain his new trial the plaintiff had to have the judgment — the full and complete judgment — vacated. He must pay all the costs then and there, and give an undertaking for the future costs. The application, vacation of the judgment, granting the new trial, payment of the costs, and an undertaking for future costs, are but one transaction, and are all necessary to secure a new trial in the action under the statute. The statute clearly contemplates that the defeated party should first have the advantage of an appeal, before the application for a new trial, by not reckoning the time consumed by such appeal as any part of the year. He should have his appeal first, so as to settle the law of the case for a future trial. If the costs are not inserted in the judgment until the year has expired, and need not be, then he has lost his year for a new trial, and all the time he could not appeal. But the language of the section is plain enough, and can have no other meaning than that the costs should be a part of the judgment when the application is made, and such a construction only would be consistent with the above decisions of this court. The costs were tendered and the undertaking given and the application duly made within the year, and the judgment should have been vacated and a new trial granted. I have availed myself of the argument and authorities in the brief of the learned counsel of the appellant. I have not considered many authorities elsewhere than in our own state, because our decisions are deemed sufficient authority, that must be implicitly followed until overruled.

The appellant had the right to keep trying to obtain his new trial by repeated applications, and the circuit court as often erred as they were denied.

*By the Court.*— The order of the circuit court, appealed from in this case, is reversed, and the cause is remanded

with direction to vacate the judgment and grant a new trial upon the conditions named in the statute, as of the date of said order, the 26th day of May, 1884.

Upon the appeal from the order of May 27, 1884, the following opinion was filed:

ORTON, J.    This is an appeal from an order, dated May 27, 1884, denying the motion for the vacation of the judgment, and for a new trial.   A similar order, dated May 26, 1884, having been reversed on the previous appeal in this case, and the cause remanded with direction to vacate the judgment and grant a new trial upon the conditions named in the statute, it is only necessary to reverse the order from which this appeal was taken, on the same grounds stated in the opinion in the other case.

*By the Court.*— The order of the circuit court is reversed.