JOHN MADDEROM *et al.*

*v.*

THE CITY OF CHICAGO.

*Opinion filed February 21, 1902.*

SPECIAL ASSESSMENTS—*effect where engineer's estimate bears date of passage of ordinance.* The fact that the estimate of the engineer, which accompanies the recommendation of the board of improvements, bears the date upon which the ordinance was passed, does not, of itself, show that the estimate was not made ten days before the passage of the ordinance, in view of section 10 of the Improvement act of 1897, providing that the recommendation of the board shall be *prima facie* presumed to be based upon a full compliance with the requirements of the statute.

APPEAL from the County Court of Cook county; the Hon. WILLIAM T. HODSON, Judge, presiding.

SAMUEL J. HOWE, for appellants.

CHARLES M. WALKER, Corporation Counsel, and ROBERT REDFIELD, for appellee.

Mr. JUSTICE RICKS delivered the opinion of the court:

This is an appeal by John Madderom and other property owners from a judgment of the county court of Cook county confirming an assessment for the cost of making a proposed improvement, consisting of the laying of water service pipes in One Hundred and Eleventh place, from Michigan avenue to Stewart avenue. Attached to the petition and appearing in evidence by the city, and made a part of it, is an estimate of the engineer, which bears date the 18th day of June, 1900,—the same day on which, as appears by the certificate of the city clerk attached to said petition and made a part thereof, the ordinance was passed.

Appellants filed numerous objections to the assessment, but in this appeal rely upon one, only, and that is,

that it does not appear from the record that the estimate of the costs of the improvement required by section 7 of the act of June 14, 1897, (Hurd's Stat. 1899, chap. 24, p. 363,) was made before the public hearing and ten days before the passage of the ordinance for the improvement. Appellants state that this requirement is absolute and mandatory, and that any ordinance for local improvement passed without compliance with it is void, and cite and rely on *Clarke* v. *City of Chicago*, 185 Ill. 354, wherein we said (p. 364): "Manifestly the estimate of the cost must be made before the hearing, and the property owners must be allowed to be heard upon the subject of that estimate. * * * In reference to these requirements section 7 uses the word 'shall,' and is mandatory in character. The board was not vested with any discretionary power on the subject. The requirement that the estimate should be made a part of the preliminary resolution was a necessary antecedent to the passage of the ordinance."

The ordinance was passed the 18th day of June, 1900, and accompanying the ordinance, and duly certified by the clerk as a part of it, are the recommendations of the board of local improvements, signed by a majority of them, and the estimate by the city engineer and engineer of the board of improvements, which latter bears date the 18th day of June. That was all the evidence offered upon the subject by appellee, and appellants offered no evidence whatever tending to show that the estimate was not, in fact, made at the time and in the manner required by the statute, and rely wholly upon the fact that the date appearing at the bottom of the engineer's report was the 18th day of June, and insist that that is conclusive evidence that that was the date of the making of such estimate.

Section 9 of the statute above referred to contains the following: "The recommendation by said board shall be *prima facie* evidence that all the preliminary requirements of the law have been complied with, and if a vari-

ance be shown on the proceedings in the court, it shall not affect the validity of the proceeding, unless the court shall deem the same willful or substantial." The estimate presented and shown by the record in all respects complied with the requirements of the statute. Section 10 of said act contains the following: "The recommendation by said board shall be *prima facie* presumed to be based upon a full compliance with the requirements of the act." This statute, upon the particular question now being urged, was fully discussed and considered in *Berry* v. *City of Chicago*, 192 Ill. 154. In discussing the question here insisted upon we there said (p. 156): "The fact, therefore, that the estimate provided for in section 10 bears date on the same day as that of the passage of the ordinance does not prove, or even tend to prove, that the estimate provided for in section 7 was not made. The presumption is always in favor of the validity of a statute or ordinance passed in pursuance of competent legal authority. If the facts shown are susceptible of two constructions, one of which will support and the other defeat the statute or ordinance, the former will be adopted."

This estimate was one of the preliminary requirements mentioned in the statute, and the presumption of law, declared by the statute itself, that the preliminary requirements had been complied with, cannot be held to be overcome by the mere fact that there was a variance in the date of the report as presented by the city council, in the absence of evidence showing the estimate was not, in fact, made at the time required by the statute and that the variance was willful.

The judgment of the county court is affirmed.

*Judgment affirmed.*