The City of Newton, Iowa, Appellee, v. The Board of Supervisors of Jasper County, Iowa, et al., Appellants.

**Highways:** expenditure of county road fund.   The word " shall "
1   when used in a statute directing that a public body do certain acts is mandatory and excludes the idea of discretion; so that under the provision of Code, section 1530, the county supervisors are required to expend that portion of the county road fund arising from property within a city or incorporated town on the roads or streets in such city or town or adjacent thereto, and under the direction of the city or town council.

**Same:** constitutional law.   It is the subject of legislation which
2   is to be expressed in the title of an act, as required by the constitution, and not all matters properly connected therewith; so that the title " An act to revise, amend and codify the Statutes in relation to roads, bridges and ferries," etc.,

comprehends the providing and expenditure of a fund for road purposes, which includes the streets within a city or incorporated town.

*Appeal from Jasper District Court.*— HON. B. W. PRESTON, Judge.

FRIDAY, JUNE 7, 1907.

ACTION of mandamus to compel defendants to expend the balance of the county road fund arising from taxes upon property within the city of Newton upon the roads and streets within said city or the roads adjacent thereto under the direction of the city council. The trial court granted the relief prayed, and defendants appeal.— *Affirmed.*

*Henry Silwold,* for appellants.

*H. C. Korf* and *J. E. Cross,* for appellee.

DEEMER, J.— Defendants are the Board of Supervisors and the individual members thereof in and for Jasper county, and plaintiff is a city of the second class within said county. In September of the year 1904 the board levied a tax of one mill on the dollar upon all property in Jasper county, including that within the city of Newton, for the creation of a county road fund. There had been paid to the county treasurer when this action was commenced in taxes upon property within the city of Newton the sum of $972.71. Of this amount there had been expended under the direction of the City Council of Newton upon roads and streets therein and upon the highways adjacent thereto the sum of $550; leaving a balance in the hands of the County Treasurer of $422.71. The city council demanded that this balance be expended upon the roads and streets of the city and upon the roads adjacent thereto as directed by the city council, which demand was refused by the defendant board upon the ground that it had the absolute authority to expend all of said fund upon

the roads of Jasper county as it saw fit. This action is to compel the board to comply with the demand of the city council.

Defendant contends that the road fund was and is entirely within its authority and jurisdiction, and that the statute upon which plaintiff relies is unconstitutional and void. As the case is primarily one for statutory construction, we here quote the law upon which plaintiff relies. It is known as section 1530 of the Code with amendments, and reads as follows:

1. HIGHWAYS: expenditure of county road fund.

County road fund — how levied and paid out. The board of supervisors of each county shall, at the time of levying taxes for other purposes, levy a tax of not more than one mill on the dollar of the assessed value of the taxable property in its county, including all taxable property in cities and incorporated towns, which shall be collected at the same time and in the same manner as other taxes, and be known as the county road fund, and paid out only on the order of the board for work done on the roads of the county in such places as it shall determine; but so much of the county road fund as arises from property within any city or incorporated town, shall be expended on the roads or streets within such city or town, or on roads adjacent thereto, under the direction of the city or town council; and the county treasurer shall receive the same compensation for collecting this tax as he does for collecting corporation taxes. Moneys so collected shall not be transferable to any other fund nor used for any other purpose. The board of supervisors shall levy such additional sum for the benefit of such townships as shall have certified a desire for such additional levy, as provided for in section fifteen hundred and twenty-eight of this chapter; but the amount for the general township fund and county road fund shall not exceed in any year five mills on the dollar.

This has been amended by chapter 56, Acts 31st General Assembly, but the amendment is not material, save as it indicates an intent on the part of the Legislature to direct how the road fund shall be expended. The act as amended, and

as it appears in the Code Supplement of 1902, as section 1530, was the outgrowth of chapter 200, Acts 20th General Assembly, except that it expressly includes all taxable property in cities and embraces the following clause: " But so much of the county road fund as arises from property within any city or incorporated town shall be expended on the roads or streets within such city or town or on the roads adjacent thereto, under the direction of the city or town council." Taking the act as we now have it, it is manifest that, unless we construe the word " shall " as the equivalent of " may," plaintiff is right in its position, unless there be something in the claim that the act is unconstitutional. Sometimes courts are justified in interpreting the word " shall " as " may," but, when used in a statute directing that a public body do certain acts, it is manifest that the word is to be construed as mandatory and not permissive. *Grant v. City,* 28 N. J. Law, 491; *Madderom v. City,* 194 Ill. 572 (62 N. E. 846). The uniform rule seems to be that the word " shall," when addressed to public officials, is mandatory and excludes the idea of discretion. *People v. Board,* 39 N. Y. 81; *French v. Edwards,* 80 U. S. 506 (20 L. Ed. 702). There are many reasons for this rule which need not be elaborated upon, as the cases cited fully present the grounds upon which it is based.

II. The claim of unconstitutionality is based upon the thought that the title is defective, in that it does not sufficiently indicate the subject-matter of the act. The clause in controversy first made its appearance in the

2. SAME: constitutional law.

Code of 1897, and is a part of title 8 of that Code, which was entitled, " An act to revise, amend and codify the statutes in relation to roads, bridges and ferries and the destruction of thistles." Surely the act does refer to roads or to the working of roads as expressed in the sub-title to chapter 2 of the act. The act authorizing and creating roads refers not only to roads and highways, but also to roads which lie within the limits of cities and towns. See section

1508 of the Code *et seq.;* and the words " roads " and " highways " are synonymous.   Code, section 48, paragraph 5. The main object of the law was to secure a road fund wherewith to work the roads of the county, and that the streets of the city were or might be included is no objection to the act. The title does not say anything about how the money shall be expended.   Nevertheless, it will not be contended, we think, that the entire act is void because the title does not refer to the matter of the expenditure of the money.   The case is ruled in this respect by *Boggs v. School Dist.,* 128 Iowa, 15; *Cook v. Marshall Co.,* 119 Iowa, 384; *Beresheim v. Arnd,* 117 Iowa, 83; *State v. County Judge,* 2 Iowa, 280; *Chamberlain v. Tel. Co.,* 119 Iowa, 619; and other like cases.   The constitutional provision is that an act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title.   See section 29 of article 3 of the Constitution.   It is the subject which is to be expressed, and not all matters properly connected therewith. We think that the subject is properly expressed in the title to the act now before us.

No error appears, and the judgment is *affirmed.*