Submitted on motion to dismiss appeal June 21, appeal dismissed
July 6, rehearing denied August 30, 1927.

# O. G. SIMPSON, ADMINISTRATOR, v. J. E. WINEGAR.

## (258 Pac. 562.)

**Appeal and Error—In Absence of Objections to Sufficiency of
Surety, Appeal is Perfected Five Days After Filing Notice and
Undertaking.**

1. Appeal becomes perfected five days after filing of notice of
appeal and undertaking, where no objections are made to suffi-
ciency of surety.

**Statutes—Act to Which Emergency Clause is Attached Takes Effect
at Once on Governor's Approval.**

2. Effect of emergency clause on acts passed by legislature is to
cause act to take effect at once on approval by Governor; question
of emergency being purely legislative question.

**Appeal and Error—No Right of Appeal Exists, Except on Compli-
ance With Statutory Mode of Procedure.**

3. Right of appeal is purely statutory, and appellant must fol-
low procedure laid down in statute governing appeals.

**Appeal and Error—Statute Providing Orders Extending Time for
Filing Transcripts Shall be Made Only After Notice to Oppos-
ing Party Held Mandatory (Laws 1927, p. 404, § 1, cl. 2,
Amending Or. L., § 554).**

4. Laws of 1927, page 404, Section 1, clause 2, amending Section
554, Or. L., providing that judge may enlarge time for filing tran-
script, "but such order shall be made within the time allowed to
file transcripts, and only after three days' notice has been given to
the opposing party," *held* mandatory as to requirement of notice.

**Statutes—Statute Using Term "May" in Conferring Power to
Officer or Court is Nevertheless Mandatory, Where Rights of
Public or Third Party are Affected.**

5. Even where word "may" is used in conferring power on of-
ficer or court, language is mandatory, and must be strictly obeyed,
where rights of public or third party are affected.

**Appeal and Error—Legislature may Require Notice on Application
to Extend Time for Filing Transcript on Appeal (Laws 1927,
p. 404, § 1, cl. 2, Amending Or. L., § 554).**

6. Legislature has right to impose jurisdictional condition af-
fecting appeals, by requiring, in mandatory terms with emergency

---

2. Conclusiveness of legislative declaration of emergency requir-
ing statute to take effect immediately, see note in 7 A. L. R. 519.
See, also, 25 R. C. L. 801.

3. See 2 R. C. L. 100.

5. See 25 R. C. L. 770.

clause (Laws 1927, p. 404, § 1, cl. 2, amending Or. L., § 554), notice to opposing party of application for extension of time for filing transcript.

**Appeal and Error—Order Extending Time for Filing Transcript Without Notice to Opposing Party Held Void Requiring Dismissal of Appeal (Laws 1927, p. 404, § 1, cl. 2, Amending Or. L., § 554).**

7. Order of court extending time for filing transcript without notice to opposing party, after taking effect of Laws of 1927, page 404, Section 1, clause 2, amendatory of Section 554, Or. L., *held* to vitiate proceedings by which transcript was filed and to require dismissal of appeal; notice on extension of time being originally required and omitted by amendment in Laws of 1899, page 229, Section 2.

---

Appeal and Error, 3 **C. J.**, p. 318, n. 47, p. 319, n. 54, p. 320, n. 36, p. 1039, n. 2; 4 **C. J.**, p. 467, n. 67, p. 565, n. 50, 53, p. 570, n. 84 New.

Courts, 15 **C. J.**, p. 909, n. 7, 8.

Statutes, 36 **Cyc.**, p. 1160, n. 30, 35, p. 1161, n. 36, **37**, 39, p. 1193, n. 20, p. 1194, n. 21, 22.

From Polk: ARLIE G. WALKER, Judge.

In Banc.

APPEAL DISMISSED.   REHEARING DENIED.

For the motion, *Mr. Oscar Hayter.*

*Contra, Messrs. Vinton & Tooze.*

BURNETT, C. J.—1. The Circuit Court for Polk County rendered a judgment in favor of the plaintiff and against the defendant January 21, 1927. On February 25th, next thereafter, the defendant served and filed his notice of appeal and undertaking. There being no objections to the sufficiency of the surety on the undertaking, the appeal became perfected five days thereafter or on March 3, 1927. The next event in the chronology of the case was the order of the court, dated February 28th, granting the appellant "up to and including May 1st in which to file in the Supreme Court of the state of Oregon the transcript

on appeal." Then came the act of the legislative assembly of March 3, 1927, with its emergency clause declaring that it should take effect and be in full force from and after its passage. It was approved by the Governor March 3, 1927. It was amendatory of Section 554, Or. L. The second clause of the amended section reads thus, so far as affects this case:

" * * 2. If the transcript or abstract is not filed with the clerk of the appellate court within the time provided, the appeal shall be deemed abandoned, and the effect thereof terminated, but the trial court or the judge thereof, or the supreme court or a justice thereof, may, upon such terms as may be just, by order enlarge the time for filing the same, but such order shall be made within the time allowed to file transcripts, and only after three days' notice has been given to the opposing party; * * ."

On April 6th the trial court, without notice to the respondent, made an order granting the appellant up to and including May 1, 1927, within which to serve and file his bill of exceptions and until May 15, 1927, in which to file his transcript in this court. The transcript was in fact filed May 12, 1927. The abstract of record was filed June 1, 1927, but without any order extending the time to that date.

The dates and facts of the orders are substantially admitted by the appellant but he complains that he did not know about the emergency clause to the act in question and that he should not be bound by it and ought not to be held to give notice to the opposite party of an application to enlarge the time for filing the transcript or abstract.

2. As stated by Mr. Justice RAND in *Cameron v. Stevens,* 121 Or. 538 (256 Pac. 395), decided May 24, 1927:

"The effect of an emergency clause upon acts passed by the legislature is to cause the act to take effect at once upon its approval by the governor and to prevent its not going into effect until after the expiration of the period otherwise prescribed by the constitution. What may be deemed an emergency, for this purpose, is purely a legislative question. The courts will not inquire into it, nor entertain any question of its sufficiency. 1 Lewis' Sutherland's Statutory Const. (2 ed.), § 176."

3. All the orders extending the time within which to file the transcript, except the first, were made after the act mentioned had taken effect, namely, after March 3, 1927, and they were all made without any notice although the same is required by the new statute. Here was a situation in which the plaintiff had a judgment with a right to enforce the same. The appeal was designed to overturn that right by means of a resort to this court. In order to accomplish this result it is requisite that the procedure laid down in the statute must be followed.

"The mode of appeal must follow the statute, and when the statute requires that the appeal shall be taken in a specified manner, it must be followed as to the time, manner and the fulfilling of all the statutory directions." Brown on Jurisdiction (2 ed.), § 21a, quoted with approval by Mr. Justice Rand in *Walker* v. *Fireman's Fund Ins. Co., ante,* p. 179 (257 Pac. 701), decided June 21, 1927.

4, 5. The language used "but such order shall be made within the time allowed to file transcripts, and only after three days' notice has been given to the opposing party," is mandatory. It is well settled that where even the word "may" is used and the rights of the public or of a third party are affected, the language is mandatory and must be strictly

obeyed. In *Kohn* v. *Hinshaw,* 17 Or. 308, 311 (20 Pac. 629), Mr. Justice STRAHAN said:

" * * It is a general principle in statutory construction that where the word 'may' is used in conferring power upon an officer, court, or tribunal, and the public or a third person has an interest in the exercise of the power, then the exercise of the power becomes imperative."

See, also, *Smith* v. *King,* 14 Or. 10 (12 Pac. 8), *McLeod* v. *Scott,* 21 Or. 94 (26 Pac. 1061, 29 Pac. 1), and *Hubner* v. *Hubner,* 67 Or. 557 (136 Pac. 667).

It was said in *City of Madison* v. *Daley,* 58 Fed. 751, 753:

" * * 'Shall' will be construed 'may' where no public or private right is impaired by such construction; but where the public are interested, or where the public or third persons have a claim *de jure* that the act shall be done, it is imperative, and will be construed to mean 'must.' "

See, also, *Ex parte Jordan,* 94 U. S. 248 (24 L. Ed. 123); *Madderom* v. *Chicago,* 194 Ill. 572 (62 N. E. 846); *Hazeltine* v. *Simpson,* 61 Wis. 427 (21 N. W. 299); *Glazier* v. *Heneybuss,* 19 Okl. 316 (91 Pac. 872), and *Ex parte Simonton,* 9 Port. (Ala.) 390 (33 Am. Dec. 320).

On this canon of construction the precedents might be multiplied indefinitely. It is clear that the respondent has as much right to the protection of the judgment in his favor as the appellant has to overturn it by his appeal. Consequently, the latter must pursue the mandatory terms of the statute and give notice if he would obtain the necessary extension of time within which to confer jurisdiction upon this court by filing his transcript.

In several cases within the last few years this court has held that the rules of court are as binding upon the court as the law itself. In *Bratt* v. *State Industrial Acc. Com.*, 114 Or. 644 (236 Pac. 478), a rule of court required a notice to be given to the attorneys of each party of the setting of a case for trial, but despite this rule, the court did set a case for trial without any notice having been given to the opposite parties and a judgment was taken under those circumstances, but it was reversed and remanded to the Circuit Court for further proceedings. The court said:

"Where a court has established rules for its government and that of suitors, there exists no discretion in the court to dispense at pleasure with their rules, or to innovate on established practice."

This is an excerpt from *Hughes* v. *Jackson*, 12 Md. 463, cited with approval in *Coyote G. & S. M. Co.* v. *Ruble*, 9 Or. 121, 124, and *Schnitzer* v. *Stein*, 96 Or. 343, 346 (189 Pac. 984).

Likewise in *Oxman* v. *Baker County*, 115 Or. 436 (234 Pac. 799, 236 Pac. 1040), it was held that where a Circuit Court rule required a bill of exceptions to be presented within thirty days after entry of judgment unless otherwise ordered, after such thirty days expired, the Circuit Court had no authority to enter an *ex parte* order without notice to the adverse party extending time, nor could it, without notice, render a second judgment, and by that means fix a new date from which to compute thirty days, such second judgment being a mere nullity.

Also, in *Ptack* v. *Strong*, 121 Or. 688 (257 Pac. 19), decided by this court June 21, 1927, the rule of the court provided that:

"Parties seeking bills of exceptions must prepare their proposed bill and serve a copy of same on the opposing counsel, and present and lodge the original thereof to and with the judge of this court within twenty days after the entry of judgment, * * ."

The opinion by Mr. Justice RAND said:

"This rule is mandatory in its terms and leaves no discretion in the trial judge where the rule has not been complied with and is as binding upon the court as on the parties to the action."

*Oxman* v. *Baker County, supra,* was cited as sustaining the decision.

If, then, such language in a rule of court is mandatory, much more is it mandatory when enacted as a statute. We are not without authority in our own precedents for this construction of the statute. Prior to 1899, the statute here involved read thus:

"The court or judge thereof may, upon notice to the respondent, and such terms as may be just, by order enlarge the time": Deady & Lane, Code, p. 220, § 531, subd. 3; 1 Hill's Code (1887), § 541, subd. 3; 1 Hill's Code (1892), § 541, subd. 3.

In 1899 the clause "upon notice to the respondent" was omitted by amendment embodied in the Laws of 1899, page 229. In respect to the requirement of notice, the statute has remained in this condition until the act of March 3, 1927, above quoted. The question first arose prior to the amendment in 1899 in *Bush* v. *Geisey,* 16 Or. 267, where the appellant obtained an *ex parte* order allowing him ten days' extension of time in which to file the transcript in this court. After alluding to the various provisions of the Code about appeals, including the clause "may, upon notice to the respondent," the court said:

"It is manifest from these provisions of the Code that this was a case where notice of a motion was necessary by the express requirement of the law, and it appearing that no notice whatever was given, the time for filing the transcript was not enlarged. The appellant took his order without such notice at his peril, and now that his right to proceed without notice is questioned, the court has no jurisdiction whatever in the matter."

The same statute was under consideration in *Kelly v. Pike,* 17 Or. 330 (20 Pac. 685). The court there said:

" * * A court cannot create jurisdiction for itself; it must be conferred by law, and the mode pointed out whereby it may be acquired must be substantially complied with, in order to obtain it. We would have as much right to enlarge the time for the service of the notice of appeal as we would to enlarge the time for filing the transcript after the time specified in the code had expired. It would be extrajudicial in either case. * * The court or judge thereof, however, may, upon notice to the respondent, and upon such terms as may be just, by order enlarge the time for filing the same, as before mentioned. Under no other circumstances can the transcript be filed in this court so as to give it jurisdiction of the cause."

The identical precept was followed in *Whalley v. Gould,* 27 Or. 74 (40 Pac. 4), the court saying:

"The only question for consideration on this motion is whether an order of the circuit court enlarging the time in which to file a transcript on appeal is valid, when made without notice to the respondent. Like orders of this court have been repeatedly held void and of no force or effect when called in question by a motion to dismiss the appeal. This doctrine was first established in *Bush v. Geisey,* 16 Or. 267 (19 Pac. 122). It is there held that notice is made

necessary by the express requirement of subdivision 3 of section 541 of Hill's Code, and cannot be dispensed with, and this ruling has been adhered to in all subsequent cases in which the question arose; * * .''

As late as *Orr's Estate,* 79 Or. 319 (153 Pac. 61), Mr. Justice HARRIS, writing of the difference between the statute as it stood then and prior to 1899, said:

'' * * Until the amendment of 1899, notice was essential to the validity of an order extending time for filing a transcript, because the statute in express terms made notice a prerequisite.''

Now that the legislative assembly by the act of March 3, 1927, has restored to the Code of Procedure the requirement of notice to the adverse party for an order extending time in which to file a transcript, it is our duty even on the doctrine of *stare decisis,* as well as upon principle, to follow the mandate of the legislative department of the government.

6. By the original notice the appellant informs the respondent that he proposes within thirty days after perfection of the appeal to file his transcript in the Supreme Court, but he is not bound to do so. Hence, there is quite as much reason for requiring notice of an application to extend that time as for insisting upon the original notice of appeal. It is a jurisdictional condition affecting appeals which the legislature has a right to impose in mandatory terms by an act with an emergency clause attached. The statute thereby confers a right on a respondent which is as sacred as the right of the appellant and which the courts ought to guard with that strict impartiality which should ever characterize judicial proceedings. An appellant is not a favored

child of the court. His right is purely statutory and if he would enjoy it, he must comply with the enactment allowing it.

7. The law in question in its amended form is evidently the result of the decisions holding that the rules of the court in mandatory terms are as binding as a statute and is intended to preserve as an utterance of the legislative branch of the government the principle announced in the construction of the rules. It follows as taught in the Bratt case that where there was no notice given of the application for an order extending the time the action of the court was unauthorized and vitiates the proceeding thereunder. The consequence is that the appeal must be dismissed.

APPEAL DISMISSED. REHEARING DENIED.