Argued January 28, decided February 4, 1913.

## LANDESS v. CITY OF COTTAGE GROVE.

(129 Pac. 537.)

**Municipal Corporations—Annexation of Territory—Procedure—Constitutional Provisions.**

1. Article XI, Section 2, of the constitution, as amended (Laws 1911, p. 10), grants to the legal voters of each city and town power to enact and amend their municipal charters subject to the constitution and the criminal laws. The council of a city duly called a special election on the proposition of an amendment to the charter enlarging the city boundaries, but the question of annexation was not separately submitted to the voters within the city and those outside, but their votes were mixed so that it could not be determined whether the voters without the city approved annexation or not. Held, that the constitutional power did no authorize the people of the city to annex territory without the approval of the legal voters residing within such territory, and that the vote was invalid.

**Municipal Corporations—Constitutional Provisions—Local Self-Government.**

2. Under the constitutional provision for local self-government, the people of a district have a right to express themselves upon the question of their annexation to a municipality.

From Lane:  LAWRENCE T. HARRIS, Judge.

This is a suit by Wm. Landess, W. P. Huff and H. F. Alden against the City of Cottage Grove and B. F. Keeney, as Assessor of Lane County, Oregon, to enjoin the imposition of a tax on the property of plaintiffs by the defendant city, for the reason that the land is situated outside the corporate limits, and therefore not subject to such taxation.

The circuit court sustained a demurrer to plaintiffs' complaint, and dismissed the suit, from which order and decree plaintiffs appeal.          REVERSED.

For appellants there was a brief over the names of *Messrs. Thompson & Hardy* and *Mr. John S. Medley*,

with oral arguments by *Mr. Charles A. Hardy* and *Mr. Medley.*

For respondents there was a brief over the names of *Mr. J. E. Young* and *Mr. James C. Johnson,* with an oral argument by *Mr. Johnson.*

MR. JUSTICE BEAN delivered the opinion of the court.

The following facts are shown in plaintiffs' complaint: The City of Cottage Grove is a municipal corporation created by an act of the legislative assembly of 1903, which defined the limits of the city. In 1911 the common council of Cottage Grove, pursuant to an initiative petition therefor, called a special election for the purpose of submitting to the legal voters an amendment to the city charter enlarging the corporate boundaries of the municipality. On May 1, 1911, an election was held in the city, as provided by an ordinance passed by the council and pursuant to a notice thereof. The electors of the city and the legal voters residing within the limits of the territory sought to be annexed were permitted to vote together promiscuously, and their ballots were mingled in the same ballot boxes. In the canvass of the votes it was not determined whether the voters residing without the city and within the area proposed to be annexed approved such annexation or not. The proceedings resulting in the adoption of the amended charter, and declaring the boundaries changed, are set out in detail in the complaint.

1. Plaintiffs assert that their lands are situated within the portion attempted to be added to the city, and are therefore not subject to a municipal tax. Since this suit was heard by the trial court we have had two cases before this court involving a similar question. It may now be stated as the settled law of this State that the power reserved to the legal voters of a municipality to enact and amend their charter (Article XI, Section 2, Const.; Laws

1911, p. 10) does not authorize the people of a city to extend the corporate limits so as to embrace other lands, without the approval of the legal voters residing within the territory to be annexed. *State* v. *Port of Tillamook,* 62 Or. 332 (124 Pac. 637) ; *Thurber* v. *McMinnville,* 63 Or. 410 (128 Pac. 43). The question of annexation was not submitted separately to the legal voters of the city, and those of the territory designed to be included within the municipality, in compliance with the rule above stated. Section 3209, L. O. L., provides a convenient method by which a city may acquire new territory.

·2. The people of the district sought to be annexed have a constitutional right to be permitted to express themselves upon the question under some method whereby it may be known and recorded whether they consent to annexation or reject the proposition. This, we think, is within the letter and spirit of the organic law providing for local self-government. *Schubel* v. *Olcott,* 60 Or. 503 (120 Pac. 375) ; *McBee* v. *Springfield,* 58 Or. 459 (114 Pac. 637).

It was error to sustain the demurrer. The decree of the lower court will therefore be reversed, and one entered here declaring the plaintiffs' lands not within the City of Cottage Grove and enjoining the taxation thereof as city property.          REVERSED.