Argued October 27, decided November 11, 1913.

# COUCH v. MARVIN, SHERIFF.

### (136 Pac. 6.)

**Municipal Corporations—Annexation of Territory—Constitutional and Statutory Provisions.**

1. Article XI, Section 2, of the Constitution provides that the legal voters of every city and town may amend their municipal charters, and the people of a particular locality may, by vote, adopt a charter or amend those already in existence; Section 3209, L. O. L., provides for separate elections, by voters of a municipality and in territories sought to be annexed, on the question of annexation, which may be authorized on the securing of a majority of the voters of each locality. *Held*, that the state still retains sovereignty over its municipalities to some extent, and that it had not delegated to them the power to exercise dominion over areas outside of their boundaries, so as to authorize annexation, except when the territory proposed to be annexed is populated and there can be a fair expression of legal voters residing in such area, and hence a city had no power to annex territory which did not contain sufficient legal voters residing on land to be annexed to hold the required election.

[As to necessity that property annexed to municipality shall be adjacent or contiguous thereto, see note in Ann. Cas. 1913D, 401.]

**Municipal Corporations—Local Self-government—Constitutional Provisions—"Local"—"Special"—"Municipal."**

2. The words "local," "special," and "municipal," as used in Article XI, Section 2, of the constitution, and Article 4, Section 1a, conferring on municipalities local self-government, with the right to legislate in municipal matters of local and special concern, have a plain signification, and refer to enactments intended to affect certain persons only, or to operate in specified localities; and an act is local when it relates to a part of the people only, or to their property, or when it operates within a single city, county, or other particular division, and such provisions did not confer on cities delegated power over areas outside their limits, with a right to include the same within the city's boundaries, except as provided by general law.

From Wallowa: JOHN W. KNOWLES, Judge.

En Banc.  Statement by MR. JUSTICE BEAN.

This is a suit by L. Couch against Edgar Marvin, as sheriff and tax collector of Wallowa County, Oregon, and the City of Lostine to enjoin the collection of a tax levied by the City of Lostine upon certain lots and blocks of land owned by plaintiff, situated in the town of Evans, Wallowa County. The com-

plaint shows that the plaintiff is the owner of the real estate assessed for the year 1911 for state, county, and school district taxes, for which payment has been tendered, and resists the tax levied by the City of Lostine for that year for the reason that the property is not within the limits of the municipality. The complaint describes the limits of the City of Lostine as established by an act of the legislature of December 28, 1903, and shows that the real estate of plaintiff is outside the city limits as defined by the charter of that date.

The answer admits many of the allegations of the complaint, and as a defense it is alleged that an election was held in the City of Lostine on November 10, 1910, at which the charter of the city was revised and so amended as to include within the boundaries of the city the lots and blocks of plaintiff. Exhibits are attached to the answer, showing the procedure adopted in revising the charter. The answer shows that at this election the electors of the city voted to extend the limits of the municipality by adding a few acres on the east, and also by annexing a narrow strip, 320 feet wide, extending from the north boundary of the corporate limits a distance of about three-fourths of a mile, and then spreading out the lines so as to embrace all of the town site of Evans, with the exception of blocks 1, 2, and 3, thereby annexing the lots and blocks described in the complaint and the depot grounds of the Oregon Railroad and Navigation Company.        AFFIRMED.

For appellants there was a brief and an oral argument by *Mr. James A. Burleigh.*

For respondent there was a brief over the name of *Messrs. Sheahan & Cooley,* with an oral argument by *Mr. A. S. Cooley.*

MR. JUSTICE BEAN delivered the opinion of the court.

1. The legality of the acts of the city in making the extension of its boundaries is the sole question involved upon this appeal. The trial court sustained a demurrer to the answer, and, defendants refusing to plead further, entered a decree enjoining the collection of the taxes, for the reason that the acts of the city in annexing the new territory did not comply with the requirements of the law. The question of the amendment of the charter of the city and the extension of the boundaries was submitted to the legal voters of the city by the council thereof. No election for this purpose was held within the limits of the territory proposed to be annexed. It appears that by not including said blocks 1, 2, and 3, there were only two legal voters residing within such area. These two electors requested to be taken within the city, and were permitted to vote at the election. The notices of election referred to the amendments of the city charter, and did not describe the territory proposed to be annexed, or refer to any record where the same could be found, or in any manner comply with the requirements of Section 3209, L. O. L. Under the ruling in *Thurber* v. *McMinnville,* 63 Or. 410 (128 Pac. 43), the election as to the acquisition of new territory was invalid.

It is claimed by counsel for the defendant city that in the proceedings for the annexation of the proposed land there was a substantial compliance with the statute of 1893 (Section 3209, L. O. L.) ; that there could not be a strict compliance with that law for the reason that there was not a number of voters, residing within the territory desired to be added, sufficient to hold an election. It is contended by counsel for plaintiff that the procedure by the city was not in compliance with the statute or constitution of the state, and fur-

ther, that the undertaking was not a reasonable exercise of legislative authority on the part of the City of Lostine. By Article XI, Section 2 of the Constitution of Oregon, adopted by the people June 4, 1900, the legal voters of every city and town were granted the power to enact and amend their municipal charter. Article IV, Section 1a, is as follows: "The referendum may be demanded by the people against one or more items, sections, or parts of any act of the legislative assembly in the same manner in which such power may be exercised against a complete act. The filing of a referendum petition against one or more items, sections, or parts of an act shall not delay the remainder of that act from becoming operative. The initiative and referendum powers reserved to the people by this Constitution are hereby further reserved to the legal voters of every municipality and district, as to all local, special, and municipal legislation, of every character, in or for their respective municipalities and districts. The manner of exercising said powers shall be prescribed by general laws, except that cities and towns may provide for the manner of exercising the initiative and referendum powers as to their municipal legislation. Not more than ten per cent of the legal voters may be required to order the referendum nor more than fifteen per cent to propose any measure, by the initiative, in any city or town." These amendments to our fundamental law give to incorporated cities the exclusive control and management of their own internal affairs by legislating within their borders: *Straw v. Harris,* 54 Or. 424, 436 (103 Pac. 777, 782). In that case it is said: "Whatever may be the literal import of the amendments it cannot be held that the state has surrendered its sovereignty to the municipalities

to the extent that it must be deemed to have perpetually lost control over them.''

2. The sections of the constitution referred to do not grant to cities or towns any extra municipal authority: *Riggs* v. *City of Grants Pass,* 66 Or. 266 (134 Pac. 776). The words ''local,'' ''special,'' and ''municipal'' legislation as used in the Constitution have a plain signification, and refer to enactments intended to affect certain persons only, or to operate in specified localities. An act is ''local'' when the subject relates to a part of the people only, or to their property, or when it operates within a single city, county, or other particular division: 36 Cyc. 987; *Acme Dairy Co.* v. *Astoria,* 49 Or. 520 (90 Pac. 153); *Schubel* v. *Olcott,* 60 Or. 503 (120 Pac. 375). In order to empower a city to reach out, as it were, with a chain and subject territory not included within its limits to its laws, there must be authority given therefor by some general act of the legislature, or by legislation by the people of the whole state by means of the initiative. The legislation by which the land of plaintiff was attempted to be annexed to the City of Lostine did not operate within the city only, and, as affecting the municipality, was not local within the meaning of the Constitution. Such enactment as to the area annexed was unauthorized: *State* v. *Port of Tillamook,* 62 Or. 332 (124 Pac. 637); *State* v. *Gilbert,* 66 Or. 434 (134 Pac. 1038); *Leach* v. *Port of Tillamook,* 62 Or. 345 (124 Pac. 642); *Landess* v. *City of Cottage Grove,* 64 Or. 155 (129 Pac. 537). The state still retains sovereignty over its municipalities to a certain extent. It has never delegated to them the power to exercise dominion over areas of considerable extent outside of their boundaries, except when such territory so proposed to be annexed is populated and there can be a fair expression by the legal voters resid-

ing within such area, thus obtaining their consent in this manner. In other words, the law contemplates that there are a number of legal voters residing upon land to be annexed to a city sufficient to hold the required election.

It follows that the judgment of the lower court should be affirmed, and it is so ordered. AFFIRMED.