Argued May 12, reversed June 16, rehearing denied July 21, 1914.

## ROSA v. BANDON.

(142 Pac. 339.)

**Eminent Domain—Public Improvements—Assessments—Compensation.**

1. Under Section 6874, L. O. L., as amended by Laws of 1911, page 148, giving incorporated cities the right to appropriate private property for public uses and extending the general statute of eminent domain to cities, and the initiative charter of 1912 of the City of Bandon repealing a provision of the legislative charter of 1891 (Laws 1891, p. 496), authorizing the city for public needs to purchase property or acquire it by eminent domain for municipal purposes, the city cannot acquire private property for a street by agreement with the owner and assess the damages to the owners of the property benefited.

**Eminent Domain—Nature and Extent of Right—Statutory and Charter Provisions.**

2. A provision of the legislative charter of 1891 of the City of Bandon (Laws 1891, p. 496), giving it the power of eminent domain, being repealed in the initiative charter of 1912 (Laws 1911, p. 148), amending Section 6874, L. O. L., giving cities the right of eminent domain, did not change or repeal the city's right of eminent domain, since an amendment of a statute repealing therein a former enactment does not constitute the part of the old statute repealed a new enactment.

From Coos: ROBERT G. MORROW, Judge.

This is a suit by Archie H. Rosa, Stephen Gallier, E. M. Gallier, Josephine Breuer, Josephine Jacobson, Chris Beyerle, Minerva Lewin, Sarah Costello, Oscar Hendrickson and J. W. Felter, against the City of Bandon, James Mast, C. Y. Lowe, E. B. Kausrud, C. R. Wade, Ed. Henry, C. E. Bowman, R. W. Windsor, Herbert Brown and O. A. Trowbridge, to enjoin the collection of an assessment made by the City of Bandon for benefits accruing from the opening of a street. From a decree in favor of defendants, plaintiffs appeal. The facts are stated in the opinion of the court.

REVERSED AND REMANDED.

For appellants there was a brief and an oral argument by *Mr. G. T. Treadgold.*

For respondents there was a brief and an oral argument by *Mr. F. J. Feeney.*

In Banc.   MR. JUSTICE EAKIN delivered the opinion of the court.

This is a suit to enjoin the collection by the City of Bandon of an assessment against plaintiffs' lands for benefits resulting from the opening of a street.   The complaint alleges that the city board of viewers recommended the extension of a street over private property; that the city agreed to pay the owners thereof an excessive price and to assess the amount to the lands of the plaintiffs and others without legal adjudication thereof or proceeding under the eminent domain statute applicable to municipalities, namely, Section 6874, L. O. L., as amended (Laws 1911, p. 148).   An injunction was issued against the city and its officers on the application of plaintiffs, enjoining them from proceeding to collect the assessment.   A demurrer to the complaint was sustained, the injunction dissolved, and the suit dismissed.   Plaintiff appeals.

The city was first incorporated by a legislative act of 1891 (Laws 1891, p. 496), and on May 3, 1912, the city adopted an initiative charter, by which it is authorized to lay out, open and extend streets, also providing proceedings by which the property needed therefor could be appropriated, and for the assessment of the damages resulting to the owner thereof to be assessed to the owners of the property benefited thereby.   The new charter is not before us, nor are its contents upon these questions set out.   We have been able to find only a purported copy of it in the absence of a complete record in the case.   Neither is the old charter mentioned in the complaint, but we find it in the Laws of 1891.

1, 2. In their brief plaintiffs raise but one question, that the city could act in the matter only under the eminent domain statute (Section 6874, L. O. L., as amended Laws 1911, p. 148).; that therefore the whole proceeding is void; and that it could not condemn the property by contract. The eminent domain statute, so far as it relates to the taking of property by private corporations, is intended to enable the latter to force the owner to take a reasonable price for the property, and the acquiring corporation must allege and prove that it has attempted to agree with the owner as to price without success. Thus it can acquire property for a public purpose which otherwise was not available to it, but it can avoid such a suit if they can agree as to price. In the case of a county or city, it acts in such a case only in a governmental capacity, and not in a proprietary one. It is acting for the public and spending public money (in this case, money of others) and cannot determine the price to be paid. Plaintiffs' contention is that the method of procedure open to the city was under the statute above quoted, which applies especially to cities. This statute does not provide the method of procedure, but gives authority to the city to condemn, and extends the general statute of eminent domain to it; but the legislature, in whom rests sovereignty, may delegate the power of eminent domain to an inferior body: 15 Cyc. 566. It is said in 37 Cyc. 53:

"To justify the establishment of a highway by local officers there must be statutory authority therefor; and such statutes, in so far as they authorize the taking of private property for public use, will be strictly construed."

It is by virtue of such legislative authority that counties lay out and establish county roads, of which

Mr. Justice BEAN, in *McCall* v. *Marion County,* 43 Or. 536 (73 Pac. 1030, 75 Pac. 140, says):

"The taking of private property, without the consent of the owner, for a county road, is by virtue of the power of eminent domain."

Such authority is usually conferred upon municipalities by their charters, which is true in the charter of Bandon of 1891, and the Portland charter of 1903, and others: See 37 Cyc. 51; 15 Cyc. 566.

In this case the amendment of Section 6874 in 1911 did not change or repeal the city's right of eminent domain, as contended by plaintiff; it being repeated in the new charter from the charter of 1891. An amendment of a statute repeating therein a former enactment, in which no change is made, does not constitute the part of the old statute repeated a new enactment: See *Allison* v. *Hatton,* 46 Or. 370 (80 Pac. 101); *Renshaw* v. *Lane County Court,* 49 Or. 526 (89 Pac. 147). The appropriation of land for a public purpose by private corporations may be accomplished by contract, as the contracting parties are the only ones affected; but there is no authority in the statute for laying out county roads, or in the city charter authorizing disbursement for a road or street, by agreement to be assessed to the property benefited. From the earliest history of the state the right of eminent domain has been exercised in cities where conferred by the charter. The city has certain inherent powers to enter into contracts concerning matters essential to its existence as a self-governing body and local instrumentality of the sovereign; but it may have express authority to contract as to matters beyond those inherent rights. In the latter case it receives its power from the charter, but as to public duty it is without power to contract: 28 Cyc. 636. Where a municipal

charter or the general law gives the council authority to make certain improvements, the power so given carries with it the implied power to make a general contract therefor, if there is nothing in the statute or charter evincing a different intention; but in this charter there is a provision as to how the city shall proceed. By Section 2 of the initiative charter in this case, as also by the legislative charter, the city, for public needs, is authorized "to purchase property or acquire it by the exercise of the right of eminent domain, receive and hold property, both real and personal, within or without the city, for municipal purposes." This is its authority to acquire a way for a street, but, when it deems it expedient to lay out a street, it may do so by the exercise of the right of eminent domain. Section 80 provides that the council shall by resolution direct the survey; that, if the tract is to be appropriated, it shall appoint three viewers to view the street and make an assessment of damages and benefits, designate a time and place of meeting the owners of the property to be taken, view the property, and make the valuation and assessment as provided in Section 82, giving a just and equitable estimate and assessment of benefits conferred upon the owners of the land which the viewers shall deem benefited. Notice thereof shall be given to the owners and a right to be heard, and, if the assessment is deemed by the council to be reasonable and just, it may adopt it by ordinance. The owner of the property taken or the person against whom the assessment has been made may appeal. Thus the right of eminent domain is complete, including a jury trial. A similar case under the Portland charter, with provisions very similar, is *Portland* v. *Tigard*, 64 Or. 404 (129 Pac. 755, 130 Pac. 982).

In the case of *Corvallis* v. *Carlile,* 10 Or. 140 (45 Am. Rep. 134), it is said:

"It is a well-settled rule of construction of grants by the legislature to corporations * * that only such powers * * can be exercised under them as are clearly comprehended within the words of the act."

And the courts adopt a strict construction of such powers: *MacDonald* v. *Lane,* 49 Or. 530 (90 Pac. 181); *Hubbard* v. *Medford,* 20 Or. 315 (25 Pac. 640); *White* v. *Ladd,* 41 Or. 324 (68 Pac. 739, 93 Am. St. Rep. 732).

Whether the City of Bandon by initiative charter, if it did not previously have that power, could assume to itself the right of eminent domain, we need not discuss, because its new charter repeats the eminent domain provisions that were in the charter of 1891, and it had the right at the time it attempted to extend the street in question. Therefore the city acted without authority in attempting to buy the right of way for the street at an agreed price which it sought to assess to the lands of plaintiffs, and the proceeding was void. As already set forth, the plaintiffs have a complete remedy by appeal, if the city is proceeding properly, for any injury that may result to them. In *Wong* v. *Astoria,* 13 Or. 538 (11 Pac. 295), it is held that one is not deprived of a trial by jury because he is not able to obtain it in the inferior tribunal, if it can be secured upon appeal by a reasonably simple procedure: *Towns* v. *Klamath County,* 33 Or. 225 (53 Pac. 604).

The decree is reversed and the cause remanded.

REVERSED.   REHEARING DENIED.

MR. JUSTICE BEAN took no part in the consideration of this case.