Argued July 18, affirmed August 1, 1916.

## FLAVEL LAND CO. *v.* LEINENWEBER.*

(158 Pac. 945.)

**Municipal Corporations—Alteration—Detachment of Territory.**

1. Under Article IV, Section 1a, and Article XI, Section 2, of the Constitution, authorizing voters of a municipality to amend its charter, the electors may change the corporate boundaries by excluding territory previously included within its limits.

From Clatsop: JAMES A. EAKIN, Judge.

Department 2.    Statement by MR. JUSTICE BURNETT.

This is a suit by the Flavel Land & Development Company, a corporation, against F. P. Leinenweber and the City of Warrenton, Oregon.

Among others in Clatsop County, there are two incorporated towns, one the City of Warrenton, and the other the town of Clatsop. The defendant Leinenweber is the assessor of that county. The plaintiff avers that the officer is threatening and intending to list its real property for taxation in Warrenton, whereas its land is not within the boundaries of that municipality. The answer traces the history of the town of Clatsop, contending that its charter was unconstitutional in certain particulars, and that for a long time its government was inert, but that finally so far as they lawfully could the legal voters therein passed an ordinance providing for the manner of exercising the initiative and referendum powers reserved to municipal corporations and the legal voters by Section 1a of Article IV and Section 2 of Article XI of the Constitution; that afterward in pursuance thereof the legal voters amended the charter so as to exclude

---

*The cases passing on the question of power of the legislature to annex or change territory of municipality, are gathered in a note in 27 L. R. A. 737.                                      REPORTER.

part of the territory originally within the municipal boundaries of Clatsop and that plaintiff's land was in the part thus cut off. Subsequently, so the answer states, the City of Warrenton provided for an election to be held, not only within its corporate limits, but also in the outside territory sought to be included, and that the result was to enlarge the boundaries of Warrenton so as to take in the plaintiff's property. On a hearing all other questions were waived; it was agreed that the proceedings were formally correct, and the cause was submitted upon the one question, to wit:

"Has a municipality of the State of Oregon power to so change its boundary lines within its charter as to exclude territory theretofore included in its boundaries?"

Or, to quote the plaintiff's brief:

"In other words, if the town of Clatsop had the authority by these ordinances and proceedings which are set forth in the answer and stipulation, and which are for the purposes of this case admitted to be regular, then the lands owned by the plaintiff are within the boundary lines of the City of Warrenton. If a municipality has not the power to change its boundary lines by eliminating territory, then these lands in controversy are within the town of Clatsop and it of course follows that they are not within the City of Warrenton."

The Circuit Court entered a decree dismissing the suit, and the plaintiff appealed.    AFFIRMED.

For appellant there was a brief over the name of *Messrs. Huston & Huston,* with an oral argument by *Mr. Samuel B. Huston.*

For respondents there was a brief over the names of *Mr. George C. Fulton, Mr. J. J. Barrett, Mr. Albert M.*

*Smith* and *Mr. John Cahalin,* with oral arguments by *Mr. Fulton* and *Mr. Barrett.*

Mr. Justice Burnett delivered the opinion of the court.

1. A change in the boundaries of a city constitutes an amendment to its charter: *Cooke* v. *Portland,* 69 Or. 572 (139 Pac. 1095). As stated by Mr. Chief Justice McBride in *State ex rel.* v. *Portland,* 65 Or. 273, 285 (133 Pac. 62):

"The true test is this: Could the legislature before it was deprived of the power to enact or amend charters have enacted this revision?"

Tested by this canon, a change in the boundaries, whether for greater or less, is a legitimate amendment of a charter, the power to effect which is committed to the legal voters of the municipality by the constitutional provisions above mentioned.

An amendment implies an addition or change within the scope of the original instrument so as to effect an improvement or better carry out the purpose for which it was framed, while a repeal signifies an utter abrogation of the previous legislation. *McKeon* v. *Portland,* 61 Or. 385 (122 Pac. 291), was an effort on the part of the municipal government of the defendant, without consulting its own electors, to extend its authority over the entire territory of the adjoining City of St. Johns upon the assent of the majority of those voting upon the question in the latter municipality, but without any action or sanction of its governing authorities. It amounted to an absolute repeal of the charter of St. Johns, a prerogative not permitted even to the legal voters of any city, and much less of any neighboring borough. *Cooke* v. *Portland,* 69 Or. 572 (139 Pac. 1095), was a case where extraurban electors

essayed to vote themselves into the city and their effort was deemed vain because no notice of the election was given, no opportunity was afforded to the voters in the city to express their will on the subject, and, lastly, the procedure contemplated an amendment of the charter of Portland by those living outside its limits. *Couch* v. *Marvin,* 67 Or. 341 (136 Pac. 6), was where the electors of a city voted to extend the limits of their municipality by adding a few acres on the east and also by annexing a narrow strip 320 feet wide extending from the north boundary of the corporate limits a distance of about three fourths of a mile, and then spreading out the line to embrace all the town site of Evans, with the exception of three blocks, thereby annexing the lots and blocks described in the complaint and the depot grounds of a railroad company, in which new territory there were but two legal voters not sufficient in number to hold an election. In an opinion by Mr. Justice BEAN this proceeding was condemned on the ground that the city was endeavoring to exercise dominion over territory beyond its limits without the consent of the outside electors expressed in an election held there for the purpose. The same doctrine had been previously announced by Mr. Justice Mc-BRIDE in *Thurber* v. *McMinnville,* 63 Or. 410 (128 Pac. 43).

The present case is not like any of those. The record discloses that the legal voters of the town of Clatsop amended its charter so as to contract its municipal boundaries. This was legitimate because the same thing could have been done by the legislative assembly under the former *régime* before the Constitution was amended, thus meeting the test of *State ex rel.* v. *Portland,* 65 Or. 273, 285 (133 Pac. 62). Clatsop did not amend itself to death so as to be guilty of suicide

within the meaning of the McKeon Case.   As much as
ever before, there remains an actual municipal entity
known as the town of Clatsop.   It appears, nay, in-
deed it is conceded, that the proceedings taking into
the City of Warrenton the country including plain-
tiff's holdings were regular.   Both in the reduction of
the area of Clatsop and in the increase of Warrenton's
territory the legal voters on both sides of the question
had opportunity to declare their will on the subject
thus conforming to the spirit of the new features of
the Constitution.

Reduced to its lowest terms upon the issue presented
for our consideration, an affirmative answer must be
given to the question stated by the appellant in his
brief.   We hold, therefore, that a change in the bound-
aries of a municipality excluding territory, theretofore
subject to its authority, is a legitimate amendment of
its charter which may be accomplished by the vote of
its legal electors.

The decree is affirmed.                    AFFIRMED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BEAN and
MR. JUSTICE HARRIS concur.

MR. JUSTICE EAKIN absent.