Motion to dismiss denied October 12, argued at Pendleton October 27, reversed December 14, 1926.

# LA GRANDE *v.* MUNICIPAL COURT ET AL.

### (251 Pac. 308.)

**Municipal Corporations—Grants of Power to Municipal Corporations are Strictly Construed.**

1. Sole legislative powers of municipal corporations are those granted by state, and such grants of power are to be strictly construed.

**Municipal Corporations—City cannot Enact Charters or Legislate Because Power is not Forbidden.**

2. City cannot enact charters or legislation of any kind merely because such power is not expressly forbidden.

**Courts—Municipality cannot Exercise State's Power Over Judiciary or Endow State Courts With Appellate Powers, in Advance of Legislative Action (Const., Art. VII, §§ 2 [b], 9).**

3. Legislative power of state over judiciary, under Constitution, Article VII, Sections 2 (b), 9, cannot be exercised by city in advance of legislative action, nor can city visit appellate powers on courts without express legislative authority.

**Appeal and Error—Appeal Depends Solely on Statutory Authorization.**

4. Right to appeal is not inherent, but depends upon staute giving authorization.

**Constitutional Law—Statute Giving Circuit Courts Appellate Jurisdiction and Supervisory Control Held not Self-executing as to Mode of Exercising Jurisdiction Over County Courts and Tribunals (Const., Art. VII, § 9).**

5. Constitution, Article VII, Section 9, providing Circuit Courts shall have appellate jurisdiction and supervisory control over County Courts and all other inferior courts and tribunals, *held* not self-executing as to mode of exercising jurisdiction over County Courts and other tribunals.

**Courts—No Appeal Lies from Judgment of Municipal Court, in Absence of Grant by Charter or General Law.**

6. In proceedings to review appeal from municipal court, authorized by municipal ordinance, *held* no appeal lies, in absence of

---

1. See 19 R. C. L. 730.
2. See 19 R. C. L. 768.
4. See 2 R. C. L. 27.

general law authorizing appeals from municipal courts; right of appeal not being granted from municipal court by legislative charter.

Appeal and Error, 3 **C. J.**, p. 316, n. 43.
Municipal Corporations, 28 **Cyc.**, p. 258, n. 38, p. 263, n. 72, 74, p. 265, n. 10 New.

From Union: J. W. Knowles, Judge.

In Banc.

REVERSED.

For appellant there was a brief and oral argument by *Mr. Geo. T. Cochran.*

For respondent *A. W. Wall* there was a brief and oral argument by *Mr. J. S. Hodgin.*

BURNETT, J.—Convicted in the recorder's court of a violation of an ordinance of the City of La Grande, A. W. Wall gave notice of appeal to the Circuit Court of Union County. The municipal judge, acting under the initiative charter of La Grande, adopted at the general election in November, 1922, allowed the appeal, approved the proffered undertaking and ordered a stay of execution on the judgment appealed from.

The section of the charter referred to reads thus:

"He (Municipal Judge) shall have jurisdiction over all offenses defined and made punishable by any ordinances of the city, and of all actions brought to recover or enforce any forfeitures or penalty declared or given by ordinance, which actions and offenses shall be tried in the manner and with like effect as is provided by the laws of the state of Oregon, for courts of the Justice of the Peace, except without the intervention of a jury, but the defendant shall have the right of appeal in all cases to the Circuit Court of the State of Oregon for Union County from any

judgment rendered by said Municipal Judge, provided said appeal shall be taken and allowed and the appeal perfected in the manner provided by the laws of the State of Oregon, relating to appeals from judgments in criminal actions rendered in Justice of the Peace Courts. No appeal shall be allowed where the fine is less than Twenty Dollars ($20.00) or the imprisonment less than ten (10) days; and he shall likewise have within the city of La Grande the jurisdiction and authority of a Justice of the Peace and committing magistrate, and shall be subject to all the laws of the state prescribing the duties of a Justice of the Peace and mode of performing them, except as herein provided.''

At this juncture the city sued out a writ of review, making the municipal court of the city, the judge of that court and other parties connected with the city government together with Wall, parties defendant, seeking to review the proceedings of the municipal court in respect to the appeal.

Section 9 of Article VII of the state Constitution reads thus:

''All judicial power, authority and jurisdiction not vested by this Constitution, or by laws consistent therewith, exclusively in some other court, shall belong to the circuit courts; and they shall have appellate jurisdiction and supervisory control over the county court, and all other inferior courts, officers and tribunals.''

Section 2b of the same article is here set down:

''The courts, jurisdiction, and judicial system of Oregon, except so far as expressly changed by this amendment, shall remain as at present constituted until otherwise provided by law. But the supreme court may, in its own discretion, take original jurisdiction in *mandamus, quo warranto* and *habeas corpus* proceedings.''

1. From the earliest times to the present, it has been the law of this state that grants of power to municipal corporations are to be strictly construed: *Thurber* v. *McMinnville,* 63 Or. 410 (128 Pac. 43); *Rose* v. *Bandon,* 71 Or. 510 (142 Pac. 339)..

As said in *Robertson* v. *Portland,* 77 Or. 121 (149 Pac. 545):

"It is hornbook law that municipal corporations have no powers except such as are granted in express words by their charters, or such as are necessarily implied from those granted, or those essential to the declared objects and purposes of the corporations * * . "

The rule is thus stated by Mr. Justice EAKIN in *Riggs* v. *Grants Pass,* 66 Or. 266 (134 Pac. 776):

" * * The power of the legislature is unlimited when not restricted by Constitution; but such powers do not extend to a city except as granted by the state. Article XI, section 2, or Article IV, section 1a, of the Constitution do not confer such powers. The rights there given are municipal."

In *Cole* v. *Seaside,* 80 Or. 73, 84 (156 Pac. 569), it is said:

" * * The logical deduction from the precedents hitherto established is that, until by its own action it surrenders its authority over the roads and highways, the state's power is paramount over any of its subordinate arms of government. If state control is to be given up to any subservient municipality, the initiative must come from the legislative department of the state, and not from the lawmaking power of the locality. The creature cannot control the creator."

Again, in *Wilson* v. *Medford,* 107 Or. 624 (215 Pac. 184), it was declared:

" * * Stated in broad terms and without attempting to attain technical exactness, the city can as part of its prescribed procedure require the recording in the office of the county recorder of any paper which it would, by force of state law, be the duty of that officer to record if presented by any individual; but cities cannot, in the exercise of the initiative and under the guise of municipal legislation expand the duties of state or county officers beyond the limits fixed by state laws."

—citing *West Linn* v. *Tufts,* 75 Or. 304 (146 Pac. 986).

In *State* v. *Port of Astoria,* 79 Or. 1 (154 Pac. 399), Mr. Justice HARRIS was discussing the powers of municipalities as contrasted with those of the state. He wrote thus:

" * * Powers exercisable by cities and towns may be placed in two separate classes, which, for the sake of brevity and the want of better terms, will be designated as: (1) Intramural; and (2) extramural. When the legal voters of a city enact municipal legislation which operates only on themselves and for themselves, and which is confined within and extends no further thán the corporate limits, then such voters are exercising intramural authority. When, however, the legal voters of a city attempt to exercise authority beyond the corporate limits of their municipality, they are using an extramural power. * * Extramural authority, however, is not available to the legal voters of cities and towns, unless the right to exercise it has first been granted either by a general law enacted by the legislature or by legislation initiated by the people of the whole state. The right to employ intramural authority finds its source in the language of the Constitution, because the legal voters of cities and towns are by that instrument expressly empowered to enact and amend their own charters; but permission to employ extramural authority must be

granted to cities and towns before the privilege can be exercised. One power coexists with the Constitution, while the other power does not exist at all, unless the people of the whole state either grant the authority themselves by the initiative or extend the privilege through their representative, the legislature: *Thurber* v. *McMinnville*, 63 Or. 410, 415 (128 Pac. 43); *Branch* v. *Albee*, 71 Or. 188, 205 (142 Pac. 598); *Coleman* v. *La Grande*, 73 Or. 521, 525 (144 Pac. 468); *Kalich* v. *Knapp*, 73 Or. 558, 578 (142 Pac. 594, 145 Pac. 22, Ann. Cas. 1916E, 1051); *State ex rel.* v. *Port of Tillamook*, 62 Or. 332, 341 (124 Pac. 637, Ann. Cas. 1914C, 483); *Riggs* v. *Grants Pass*, 66 Or. 266, 268 (134 Pac. 776); *Couch* v. *Marvin*, 67 Or. 341, 345 (136 Pac. 6); *City of McMinnville* v. *Howenstine*, 56 Or. 451, 466 (109 Pac. 81, Ann. Cas. 1912C, 193). The opinion of Mr. Justice KING in the last-mentioned case is not in harmony with what is said here, but the reasoning of that opinion has never been followed, and is now disapproved, although a correct result was reached. Precedents have firmly established the rule that extramural power cannot be employed by cities and towns unless a law exists permitting it, and some prior adjudications have advanced a step further, and held that a general law enacted by the legislature permitting the exercise of extramural power does not by its own force ingraft that power upon the charter of a city, but the general law may be likened to a continuous offer of a power which nevertheless cannot be used until the legal voters of the city have accepted the offer by amending their charter so as to include the proffered power."

2, 3. The City of La Grande cannot enact charters or legislation of any kind merely because it is not expressly forbidden. The theory of the Howenstine case, *supra*, was that the city could do anything it chose if not expressly forbidden, but this doctrine is fallacious and distinctly repudiated in *State* v. *Port of Astoria*, *supra*. If a city can assume extramural

powers which the legislative branch of the government by general law might grant but has not conferred, the municipality need not wait for the sanction of a general law to appropriate to its own use and behest the whole judicial system of the state. If it can visit appellate jurisdiction on the courts, it can impose upon it also original jurisdiction and compel it to hear every offense against the city laws. That the whole judicial system may be changed by the legislative power of the state is taught in Section 2b of Article VII. The doctrine that if it can be done by the legislature it may be done by the city in advance of legislative action is unsound and would lead naturally to the usurpation of the state power by every locality that chose to do so.

In *West Linn* v. *Tufts,* 75 Or. 304 (146 Pac. 986), the plaintiff municipality assumed to direct the county treasurer to turn over to it all taxes collected by the county within the boundaries of the town, and it was there distinctly held that this could not be done, unless authorized by a general law.

In *Cole* v. *Seaside,* the municipal defendant assumed jurisdiction over a county road leading through that city, but it was held that it could not arrogate to itself this power unless first authorized by a general law.

In *Wilson* v. *Medford, supra,* the duty of the county recorder to inscribe on his records a certificate of tax sale made by the city was made to depend upon the general law of the state already enacted which the city followed in its own procedure.

4. Appeal has always been held not to be an inherent right. It depends purely upon a statute authorizing the same. The question is who shall authorize an appeal which must be heard by the state

court. The state has a right to establish its own tribunals and has done so. Until it gives authority to a municipality to add to or detract from the duties of state courts there must be some primary authority issuing from the state in the form of general legislation. There is no such legislation with respect to appeals from the municipal court of La Grande.

5. Section 9 of Article VII of the Constitution is not self-executing as to the mode of exercising jurisdiction over the "county courts" and "tribunals." See *Kadderly* v. *Portland*, 44 Or. 118, 156 (74 Pac. 710), where occurs the following language: ˙

"There is no common-law right of appeal. The right is wholly statutory unless expressly secured by the constitution. The Constitution of Oregon, Article VII, section 9, does not guaranty a right of appeal from every finding by an inferior court or tribunal. While this section confers upon the circuit courts appellate jurisdiction, it leaves the regulation of the mode of proceedings on an appeal and the limitation of the cases wherein an appeal may be taken to be provided by statute. Whenever the legislature determines this question, and fixes the rule in any particular case, the question is thereby settled whether or not the right to prosecute an appeal exists."

See, also, *Barton* v. *La Grande,* 17 Or. 577 (22 Pac. 111).

6. We look in vain for any general law authorizing appeals from the municipal courts of cities or towns to which it is not granted by a legislative charter. La Grande operating under an initiative charter only is not within that class. Consequently, no appeal lies from its court to the Circuit Court or any other court of the state.

The judgment should be reversed. It is so ordered.

REVERSED.