Motion to dismiss appeal denied October 16, appeal dismissed December 11, 1923, rehearing denied January 8, 1924.

## W. Z. MOSS *v.* E. E. WOODCOCK.

(220 Pac. 1017.)

**Appeal and Error—Statute Abolishing Appeals Applies Equally to Pending and Unperfected Appeals.**

1. Laws of 1923, page 216, abolishing the right to appeal in cases where the amount is less than $250, applies to pending as well as unperfected appeals, and deprives the court of jurisdiction over either.

**Appeal and Error—Court will Dismiss Unperfected Appeal Barred by Intervening Statute, to Avoid Needless Trouble.**

2. Where to allow an appeal to stand for hearing would have involved needless trouble owing to remoteness of counsel and parties, and the court would have had to decline jurisdiction because of Laws of 1923, page 216, abolishing appeals in certain cases, it dismissed the appeal without hearing.

From Lake: J. M. Batchelder, Judge.

In Banc.

Appeal Dismissed.    Rehearing Denied.

For the motion, *Mr. S. A. Jetmore.*

*Contra, Mr. O. M. Corkins.*

McBRIDE, C. J.—This was a civil action in which the amount in controversy was less than $250. The appeal in this case was perfected and the transcript filed in this court on the thirteenth day of July, 1923, within the time as extended by orders of the Circuit Court.

1. Chapter 153, Laws of Oregon of 1923, providing that no appeal "shall be taken or allowed" where the amount in controversy is less than $250, went into effect on May 23, 1923. A motion to dismiss the appeal for this and other reasons was filed October 4, 1923, and was overruled without a written

opinion. Since that date we have had occasion, in *Libby* v. *Southern Pac. Co.*, ante, p. 449 (219 Pac. 604), and upon a motion for rehearing in the same case in which an opinion was filed on this date, critically to examine and consider the effect of the statute of 1923 above cited, and have arrived at the conclusion that it applies as well to pending cases as to those in which appeals had not been perfected, and that we are without jurisdiction to hear this appeal.

2. In view of the fact that Lake County is remote from the capital we feel that it would be involving counsel and the parties in needless expense and trouble to allow this appeal to stand for final hearing, when at the very threshold of such hearing we would be obliged to decline jurisdiction of the appeal, and it is therefore dismissed.

APPEAL DISMISSED.   REHEARING DENIED.