Motion to dismiss appeal allowed December 13, 1949

## In re Estate of Annie Wells
### BROWN *v.* IRWIN, Executrix
212 P. 2d 729

*Koerner, Young, Swett & McColloch and John P. Bledsoe,* of Portland, for the motion.

*D. P. Price* and *Joe P. Price,* of Portland, contra.

Before LUSK, Chief Justice, and BRAND, BELT, ROSSMAN, BAILEY, HAY and PAGE, Justices.

LUSK, C. J.

This is a motion to dismiss an appeal from the order of the Circuit Court (Probate Department) for Multnomah County allowing a claim presented by the respondents to the executrix of the estate of Annie Wells, deceased, and rejected by the executrix. The ground of the motion is that this court has no jurisdiction over the subject matter for the reason that, as contended by the respondents, the order in question is not an appealable order under the provisions of Ch. 477, Oregon Laws 1949.

In 1919 probate jurisdiction in Multnomah County was taken from the County Court and conferred upon the Circuit Court. Ch. 59, Oregon Laws, 1919. Section 7 of Ch. 59 became § 13-208, O. C. L. A., and provided that the procedure and practice in probate matters in the Circuit Court of Multnomah County "shall be governed by the existing laws applicable to such proceeding without any change, except that appeals may be taken direct to the Supreme Court from the judgments of the circuit court in all such matters, and except, further, that in a probate proceeding in which a claim is rejected by the administrator or executor, the claim may be presented to the court for rejection or allowance, as provided by section 19-704, or, if either party demand it, the claimant must in the first instance bring action against the administrator in the manner in which other actions are brought, and the cause be tried and disposed of in the same manner as any other action."

Section 19-704, O. C. L. A., prescribed the procedure to be followed by the executor or administrator in allowing or rejecting claims, and provided that when a claim was rejected "said claimant may present his

claim to the county court for allowance, giving the executor or administrator 10 days' notice of such application to the court. The court shall have power to hear and determine in a summary manner all demands against any estate agreeable to the provisions of this act, and which have been so rejected by the executor or administrator, and shall cause a concise entry of the order of allowance or rejection to be made on the record, which order shall have the force and effect of a judgment from which an appeal may be taken as in ordinary cases''.

The foregoing provisions have to do with procedure in the County Court, and the appeal of which they speak is, of course, an appeal from the order of the County Court to the Circuit Court.

The effect of the two sections read together, that is, §§ 13-208 and 19-704, was to authorize in Multnomah County the same procedure in the Circuit Court, sitting in probate, as prevailed in the County Courts with the exceptions that special provision was made in § 13-208 for appeals to the Supreme Court from the decision of the Multnomah County Circuit Court ''in all such matters'' and for the bringing of an action on the claim and the trial of the cause in the same manner as any other action upon the demand of either party, in lieu of the summary hearing provided for in § 19-704.

So, the matter stood until Ch. 477, Oregon Laws 1949, became effective. That chapter consists of an amendment of § 19-704 and the enactment of a number of new sections to be known as §§ 19-704a to 19-704h, both inclusive. Certain changes in the prescribed procedure to be followed by the executor or administrator in allowing or rejecting claims are made, but they are not material here. We are concerned with the follow-

ing new sections, which are a substitute for the above-quoted provisions of § 19-704 governing the procedure in court:

"Section 19-704b. Any claimant may present any such rejected claim to the court for allowance within 30 days after service of notice upon him or his attorney of such rejection."

"Section 19-704c. The court shall have jurisdiction and power in a summary manner to hear and determine any such rejected claim and forthwith shall cause a concise entry of the order of allowance or rejection thereof to be made in the probate journal."

"Section 19-704d. If such order shall have been made by the county court, it shall have the force and effect of a decree, from which an appeal to the circuit court may be taken as in ordinary matters in probate."

"Section 19-704e. If such order shall have been made by the circuit court, and either party be aggrieved thereby, he may cause the matter to be tried as an action or suit, as the case may be, in and by the circuit court, by serving on the opposing party or his attorney, and filing with the clerk of the court, a notice in writing, signed by himself or his attorney, to the effect that he demands such trial thereof. Such notice shall be so served and filed within 30 days from and after the making of such entry of such order of allowance or rejection upon summary hearing."

"Section 19-704f. Every such matter for trial in the circuit court, whether it shall have arrived there by means of such appeal or been noted and set for trial by reason of such demand, shall be, unless the parties otherwise agree and the court approve, tried anew, and fully, as an action if the claim be of cognizance at law, or as a suit if the claim be of cognizance in equity."

"Section 19-704g. An appeal shall lie to the supreme court from the judgment, decree or other

determinative order of the circuit court made in such matter, as in the ordinary case.''

At the same session that these things were done § 13-208 was repealed. Oregon Laws 1949, Ch. 530, § 17. The said chapter 530 is a comprehensive act relating to the jurisdiction and procedure and practice in judicial districts comprising but one county and having a population of more than 300,000. Multnomah County is the only such county in the state. Section 10 of this act provides:

"In the circuit court in such judicial district the procedure and practice pertaining to causes, matters and proceedings in domestic relations and probate shall be governed by the laws applicable to such causes, matters and proceedings without any change, and appeals may be taken direct to the supreme court from the judgments, decrees and other appealable determinative orders of the circuit court therein, as in other cases.''

Section 11 of Ch. 530 provides:

"In any cause, matter or proceeding over which by existing laws the circuit court of such judicial district has jurisdiction, the procedure and practice shall be governed by existing laws applicable to such cause, matter or proceeding without change, and there also hereby is conferred upon, and vested in, such circuit court full, complete, general and exclusive jurisdiction, authority and power in equity, in the first instance, in all matters whatever pertaining to a court of probate, including the construing of, and declaration of rights under, wills and codicils, and therein the determining of question of title to real, personal or mixed properties; and in a probate proceeding in which a claim is rejected by the executor or administrator, the claimant may present such claims to the circuit court, or a judge thereof, for allowance, as provided by section 19-704,

O. C. L. A., as amended, or he may, and if such executor or administrator demand it in writing he shall, in the first instance bring a separate plenary action or suit against such executor or administrator on such claims."

In the present case the respondents did not "in the first instance bring a separate plenary action or suit" against the executrix and the executrix did not demand that they do so in accordance with the right conferred by the above quoted § 11 of Ch. 530. On the contrary, the proceeding was upon the claim presented to the executrix by the respondents, there were no formal pleadings, and the matter was submitted to the court in a summary hearing as that term has been explained by this court in the following cases: *In re Stout's Estate*, 151 Or. 411, 418, 50 P. (2d) 768, 101 A. L. R. 672; *Morgan's Estate*, 46 Or. 233, 236, 77 P. 608, 78 P. 1029; *Pruitt v. Muldrick*, 39 Or. 353, 356, 65 P. 20; *Johnston v. Shofner*, 23 Or. 111, 117, 31 P. 254; *Wilkes v. Cornelius*, 21 Or. 348, 351, 28 P. 135. After the order allowing the claim was entered, the executrix, the "aggrieved party", did not demand "that the matter be tried as a suit or action" as she might have done under new § 19-704e. In this situation it is the contention of the respondents that the order is not appealable. They say that the new legislation has abolished the right to appeal to this court from a summary determination of a claim by the Circuit Court of Multnomah County, and has limited that right to cases where there has been a plenary trial, either in the first instance or after a summary hearing. They argue that the purpose of the legislation was to correct the evil to which this court called attention in *Mason, Ehrman & Co. v. Lewis Estate*, 131 Or. 242, 254, 276 P. 281, 281 P. 123, 282 P. 772 (1929), when it commented on the peculiar

condition of our statute which does not require any pleading or written statement of the issues beyond the claim and the allowance or disallowance upon the appeal (i. e., from the County Court), and said: "The procedure, barring the claim, comes as near approaching a primitive trial 'upon the oral altercation of the parties' as prevails at this time in any judicial proceeding."

It is apparent that when, in 1919, probate jurisdiction in Multnomah County was transferred from the County Court to the Circuit Court it was deemed necessary, or at least advisable, to make appropriate provision for the practice and procedure to be observed by the Circuit Court in exercising its new jurisdiction. Hence § 7 of Ch. 59, Oregon Laws, 1919 (§ 13-208, O. C. L. A.). It is also apparent that, while the legislature might properly provide, in general, that the procedure and practice should be governed by the existing laws applicable to such proceedings without change, it was necessary to make specific exception as to appeals, since the existing law providing for appeals from the County Court to the Circuit Court would not be applicable. For that reason it was provided "that appeals may be taken direct to the Supreme Court from the judgments of the circuit court in all such matters".

The language just quoted is not found in § 11, Ch. 530, Oregon Laws 1949, which, as counsel for respondents correctly say, is the statutory successor of § 13-208, O. C. L. A., and the point is made in this regard "that all language of old § 13-208, O. C. L. A., which supported the right of direct appeal from the summary hearing to the Supreme Court is omitted from § 11." Moreover, there is a significant change in the language

and meaning of § 19-704 effected by § 19-704c of Ch. 477. Before the amendment, § 19-704 provided that the order of allowance or rejection of the claim "shall have the force and effect of a judgment from which an appeal may be taken as in ordinary cases." This language is omitted from § 19-704c of Ch. 477, which provides for a summary hearing by "the court". The word "court" there obviously refers either to the Circuit Court or the County Court. The next section, however, 19-704d, deals only with the County Court and provides that the order made by that court "shall have the force and effect of a decree, from which an appeal to the circuit court may be taken as in ordinary matters in probate."

So far, no provision whatever is made in Chapter 477 for an appeal from the summary determination of a claim by the Circuit Court. The next sections, 19-704 e and f, contain the provisions under which an "aggrieved party" may cause the matter (already summarily heard and determined) to be tried as an action or suit. Section 19-704f speaks of "every *such matter* for trial in the circuit court": that is to say, for trial as an action at law or suit in equity, either following a summary hearing in the Circuit Court upon demand of the aggrieved party or upon appeal from the County Court where the County Court has jurisdiction in the first instance. And § 19-704g provides for an appeal to the Supreme Court "from the judgment, decree or other determinative order of the circuit court made in *such matter*". The words "such matter" in these two sections manifestly refer to the same proceeding, that is, the full trial anew provided for in § 19-704f. Section 19-704g is the only part of the statute in which authority for an appeal to the Supreme Court can be found, and under no fair con-

struction of the language used in that section can it be said to include an appeal from a summary determination of a claim.

■ Chapter 477 applies to all the courts of the state exercising probate jurisdiction, and one of its clear purposes seems to be to make it certain that no proceeding on a claim shall reach the Supreme Court on appeal until there shall have been a plenary trial in the Circuit Court. If the case comes to the Circuit Court by appeal from the County Court the trial in the Circuit Court is plenary in the first instance. If it originates in the Circuit Court for Multnomah County, which has exclusive probate jurisdiction, there may be a plenary trial in the first instance as provided by § 11, Ch. 530, Oregon Laws 1949, or if the parties do not avail themselves of the provisions of that section and there is at first a summary hearing, then, if it is desired to obtain an order which shall be appealable to this court, the procedure outlined in § 19-704e must be invoked and the cause tried anew as an action at law or as a suit in equity (if a proceeding on a claim against an estate can ever be a suit in equity).

The correctness of the conclusion at which we have arrived as to the meaning of this legislation is strongly supported by the omission from § 11 of Ch. 530, Oregon Laws 1949, of the language which authorized an appeal from a summary determination contained in the predecessor of that section, namely, § 13-208, and by the failure to provide in § 19-704c of Ch. 477 that the determination of a summary hearing shall have the force and effect of a judgment from which an appeal may be taken, whereas in the next section, 19-704d, such a provision is included with reference to such a determination by the County Court.

There is much reason to believe that, as counsel for the respondents have suggested, the new legislation was enacted to meet the criticism of this court in *Mason, Ehrman & Co. v. Lewis Estate,* supra. However that may be, there can be no escape from the conclusion that that is one of its effects.

Counsel for the executrix call our attention to the provision of § 10, Ch. 530, that "appeals may be taken direct to the supreme court from the judgments, decrees and other appealable determinative orders of the circuit court therein, as in other cases." This language refers to proceedings in domestic relations and probate. It does not aid the executrix because an order upon a summary hearing is not a judgment or a decree, and the legislature did not give it that effect by the 1949 enactments. The phrase *"appealable* determinative orders"* does not define itself. It is only by looking to other provisions of the statute that we can determine what determinative orders are "appealable", and, as already demonstrated, there is now no statute which makes an order allowing or rejecting a claim in a summary hearing appealable to this court.

It is suggested in the briefs of the executrix that the hearing on the claim was actually "a separate plenary action" as contemplated by § 11, Ch. 530, Oregon Laws 1949. This suggestion is based upon the facts that a sworn statement of facts was attached to the claim of the respondents, which was denied by the executrix, that a statement of the case was made by the attorney for the respondents, testimony was introduced by both respondents and the executrix, objections to evidence ruled on by the judge, and the case in every way conducted as a trial in a law action. We cannot yield to this suggestion because the proceeding

was clearly a summary one within the meaning of that term as it has been explained in *Wilkes v. Cornelius,* supra, and the other Oregon cases heretofore cited. As stated by Mr. Justice ROBERT S. BEAN in *Wilkes v. Cornelius,* 21 Or. 351:

> "* * * The law providing for the adjudication of claims by the county court, vests in that court power to hear and determine all claims against the estate of a deceased person in a summary manner, without the formality of technical pleadings, yet preserving all the rights of the parties by providing for appeals to the circuit court and to be there tried *de novo.*"

■■ There were no pleadings in this case. After the claim had been rejected by the executrix it was filed with the clerk of the Circuit Court on August 17, 1949. The matter came on for hearing, pursuant to an application of the respondents and an order fixing the date of hearing on August 29, 1949. On August 31 the court entered an order allowing the claim. That witnesses were examined and cross-examined, and rulings were made by the court on objections to evidence, did not alter the essential nature of the proceeding. It was widely different both from the "separate plenary action" provided for in § 11, Ch. 530, Oregon Laws 1949, and the "action" to be "tried anew, and fully" provided for in §§ 19-704e and f of Ch. 477, Oregon Laws 1949. These, we think, are identical and comprehend trials in which issues of facts and law arise upon pleadings. §§ 5-101 to 5-105, both inclusive, O. C. L. A. The authorities say that one of the main characteristic differences between a summary proceeding and a plenary suit is that "The former is based upon petition, and proceeds without formal pleadings; the latter proceeds upon formal pleadings." *Central Republic Bank*

*& Trust Co. v. Caldwell,* 58 F. (2d) 721, 731; *Kist v. Coughlin,* (Ind. App.) 50 N. E. (2d) 939, 948.

■■ Finally, the executrix contends that the case is not governed by the new legislation because the proceeding on the claim was commenced before July 16, 1949, the effective date of Ch. 477 and Ch. 530, Oregon Laws 1949. The argument is that the date of the rejection of the claim, July 9, 1949, is to be taken as the date of the commencement of the proceeding and that the laws in effect on that day determine whether the appeal lies. We need not stop to inquire when the proceeding was commenced, for it makes no difference whether or not the proceeding was pending at the time the acts in question took effect. These are statutes of procedure relating to the jurisdiction of this court. "It is settled", said Mr. Chief Justice ROBERT S. BEAN in *State v. Ju Nun,* 53 Or. 1, 8, 97 P. 96, 98 P. 513, "that the repeal of a law conferring jurisdiction takes away all right to proceed, under the repealing statute, as to all actions, suits, or proceedings pending at the time of the repeal, unless there is a saving clause in the repealing statute, and this is so in an appellate as well as the court of original jurisdiction." In *Libby v. Southern Pacific Company,* 109 Or. 449, 219 P. 604, 220 P. 1017, it was held, after an exhaustive review of the authorities by Mr. Justice Burnett, that an act of the legislature which abolished the right of appeal to this court in actions for money or damages only, unless it appeared from the pleadings in the case that the amount exceeded $250.00, made it necessary to dismiss the appeal in a case involving less than the jurisdictional amount, notwithstanding that before the law became effective, notice of appeal had been served and filed and undertaking on appeal given, and the transcript perfecting the appeal had been filed. The principle is concisely

stated in one of the cases cited in the opinion as follows: "The pending proceedings in the appellate court stop just where the rescinding act finds them"; and to illustrate the application of that principle Mr. Chief Justice McBride, in an opinion on petition for rehearing in the Libby case, said: "To make our position absolutely clear we will say that, if the case had been properly appealed and set down regularly for trial, and in the meantime the act cited had gone into effect only one day before the date appointed for hearing, that fact would have ousted us of jurisdiction to hear the appeal" (109 Or. 461). See, also, *Spicer v. Benefit Ass'n of Railway Employees,* 142 Or. 574, 594, 17 P. (2d) 1107, 21 P. (2d) 187, 90 A. L. R. 517; *Simpson v. Winegar,* 122 Or. 297, 258 P. 562.

■ It is familiar doctrine that the remedy by appeal is not a constitutional right, but a statutory privilege in which nobody has a vested right. *Spicer v. Benefit Ass'n of Railway Employees,* supra, 142 Or. 602; *Simpson v. Winegar,* supra, 122 Or. 305, 306; *Libby v. Southern Pacific Company,* supra, 109 Or. 460.

Under the 1949 enactments, as we have said, the right to appeal to the Supreme Court from a summary determination of a claim against the estate of a deceased person has been abolished. The new statutes set forth the procedure necessary to be followed in order to lay the basis for an appeal to this court. Since this procedure was not followed, no appealable order was ever entered and this court is without jurisdiction of the cause. The motion to dismiss the appeal is allowed.