Argued October 15, affirmed November 18, 1959

## GIBBS *v.* MULTNOMAH COUNTY ET AL

346 P. 2d 636

.. 

*Russell R. Niehaus,* Portland, argued the cause for the appellant. On the brief were Wheelock, Richardson & Niehaus, Portland.

*Manche I. Langley,* Deputy District Attorney, Portland, argued the cause for respondents. With her on the brief was Leo Smith, District Attorney, Portland.

Before McALLISTER, Chief Justice, and WARNER, SLOAN and KING, Justices.

## SLOAN, J.

We are called upon to decide if ORS 419.542, before its amendment in 1957, permitted an appeal from a decision of the domestic relations department of the circuit court of Multnomah county to one of the other departments of that court. In this opinion we will refer to the domestic relations department as "department." The pertinent provisions of ORS 419.542 are:

"419.542 Appeals from order of juvenile court. (1) Any person who filed the petition mentioned in ORS 419.504 or who is required to be served with the citation or notice as provided in ORS 419.506 or any other party to the proceedings may take an appeal from any permanent or temporary order of the juvenile court to the circuit court of the county in which the proceedings of the juvenile court are had by filing an informal notice of appeal with the clerk of the juvenile court. The notice shall be filed within 15 days of the date of the order. The notice shall stay all proceedings of the juvenile court in the matter until the same is heard and determined on the appeal.

"(2) The trial, on appeal, shall be a trial de novo in equity as provided by statute for the trial of suits in equity and the circuit court shall take cognizance of the record of the cause on file in the office of the county clerk."

The appellant contends that the department, when serving as a juvenile court, is an inferior court and its orders and judgments are subject to the provisions of the above statute.

The case originally involved a family consisting of the father, mother and seven children. Since 1952 the children, and the parents, have been the subject to a number of hearings and orders by the department. It is not questioned but that during most of this time the parents were incapable of providing care and attention to these children. The judge of the department has labored with the family. ORS 419.102 (2). The children were placed in foster homes for most of the time and, on occasion, returned to one or both of the parents, with disastrous results. During the time covered by the record before us, the public was obliged to expend more than $16,000 for the care and support of these children. This is in addition to the cost of penal confinement of the father and one child. We will revert to this later.

This particular proceeding originated with an application by the appellant mother for the custody of three of the children, filed in early 1955. On February 10, 1955, the judge of the department, after hearing, denied this application. In July, 1956, appellant filed a petition for rehearing in which she requested custody of two of the children. After another, and more extensive, hearing the judge of the department again denied the petition. Appellant then attempted the appeal to another department of the circuit court. On January 18, 1957, Judge Charles W.

Redding, of that court, entered an order denying jurisdiction to hear such an appeal. The appellant appealed from that order to this court. She insists that we hold that the statute quoted gave her the right of appeal at that time from the domestic relations department to another department of the circuit court for Multnomah county. The respondent father makes no appearance here. The district attorney for Multnomah county has filed a brief and appeared here in opposition to appellant's contentions.

The answer to the question is to be found in the legislative history of the department. It is not necessary to expend the time and space required to set forth every act passed by the legislature involving the exercise of juvenile court jurisdiction in that county. They have been numerous. Oregon Laws 1905, ch 80, permitted the circuit judges in Multnomah county to designate one of their number to serve as a juvenile court judge. That statute provided that for "convenience" the court was to be designated as a "Juvenile Court." This situation continued until 1919. Chapter 296 of the Oregon Laws of that year created a "court which shall be 'styled the court of domestic relations of the state of Oregon for the county [name of county to be inserted].' " The act limited the creation of such separate courts to counties having a population of 200,000 or more. In all other counties the same act gave to the county court original jurisdiction "in all matters coming within the terms of this act." The courts were given jurisdiction in all matters pertaining to the provisions of the juvenile code. The act provided that: "In all criminal cases arising under the provisions of this act the accused shall have the right of appeal to the circuit court of the county wherein such cause shall be tried." The accused was also given a right of

appeal to the supreme court from the trial de novo required in the circuit court. No other appeal was permitted under the domestic relations courts created by the 1919 act. In 1923, ch 216, Oregon Laws, was enacted which permitted appeals to the circuit court of the same county from all determinations of the domestic relations courts created by the 1919 act. The language used in the 1923 act is substantially identical to the language of ORS 419.542, supra. This form of separate domestic relations court for Multnomah county continued from 1919 to 1929. During that period an appeal from that court to the circuit court of Multnomah county was probably permissible. See the dicta in *Hills et al v. Pierce et al,* 113 Or 386, 231 P 652.

In 1929, however, the legislature abolished the court of domestic relations just described in all judicial districts comprising one county and having a population of over 100,000 people. Oregon Laws 1929, ch 183. The same act provided that in the counties so defined there should be elected, in addition to the judges "now or hereafter provided by law" one circuit judge who "shall sit in a department to be designated by the rules of the circuit court by an appropriate number, and shall be known as the department of domestic relations." All of the jurisdiction previously vested in the domestic relations court, including juvenile cases, was transferred to the department. The act also provided that when that department should become congested, the presiding judge of the circuit court could assign cases to other departments or assign other judges to sit in that department. Section 7 of the act is controlling on all appeals from that court. It provides:

"In any proceedings or cause over which, by existing laws, the court of domestic relations has

jurisdiction, all of which are by the provisions of this act transferred to and heard by the circuit court of the counties affected by this act, the procedure and practice shall be governed by the laws applicable to such proceedings without any change, except that appeals may be taken direct to the supreme court from the judgments of the circuit court in all such matters."

Section 9 required that all laws pertaining to the circuit courts of the state of Oregon shall be applicable to the department of domestic relations.

In 1949 the legislature enacted ch 530, Oregon Laws 1949. This was a comprehensive act clarifying the particular powers and jurisdiction of the circuit court of Multnomah county. The appeal procedure governing the domestic relations department was defined by § 10 of ch 530. It provided that "appeals may be taken direct to the supreme court from the judgments, decrees and other appealable determinative orders of the circuit court therein, as in other cases." That section is codified in ORS 3.350 (2). Appeals from the department, therefore, continued to be governed by § 7 of the 1929 act, above set forth, as that was the only provision for appeal from that department existing when the 1949 act was passed. Other provisions of the 1949 act, codified at ORS 3.310 et seq. pertaining to the circuit court of Multnomah county confirm the view that the domestic relations department was granted the identical powers and jurisdiction of every other department. By example, ORS 3.410 (3) provides that "it shall be lawful to do any of the business of the court in any department." If we were to uphold the right of such an appeal between departments we might as well hold that a criminal case could be appealed to the domestic relations department.

The appellant relies entirely upon the language of ORS 419.542, supra, to support her theory of appeal to another department of the circuit court. Appellant does not even mention the sections of the code which we have just referred to which govern the jurisdiction and procedure of the Multnomah county circuit court. What she really proposes is that we treat the department as it existed when it was a separate court from 1919 to 1929.

██ In Oregon the right of any appeal from one court to another is permissible only by statute. *Brown v. Irwin, Executrix,* 187 Or 462, 475, 212 P2d 729; *La Grande v. Municipal Court et al,* 120 Or 109, 115, 251 P 308. In *Kadderly v. Portland,* 44 Or 118, 156, 74 P 710, 75 P 222, this language appears:

> " 'There is no common-law right of appeal. The right is wholly statutory unless expressly secured by the constitution. The Constitution of Oregon, Article VII, § 9, does not guarantee a right of appeal from every finding by an inferior court or tribunal. While this section confers upon the circuit courts appellate jurisdiction, it leaves the regulation of the mode of proceedings on an appeal and the limitation of the cases wherein an appeal may be taken to be provided by statute. Whenever the legislature determines this question, and fixes the rule in any particular case, the question is thereby settled whether or not the right to prosecute an appeal exists. * * *' "

Even if we were to hold that the domestic relations department when acting as a juvenile court is an inferior tribunal, we could still find no statutory authority for an appeal from that department to another department of the circuit court for Multnomah county. The only appeal permitted by statute is to this court. ORS 3.350 (2). ORS 419.542, supra, is derived from Oregon Laws 1923, ch 216, previously

referred to. The particular act was passed when all juvenile jurisdiction was exercised by the domestic relations courts established by the 1919 act. At that time they were separate tribunals exercising a limited jurisdiction. We can only conclude that when the legislature created the domestic relations department as one of the departments of the circuit court for Multnomah county in 1929, it intended that the procedures governing that court and the right of appeals therefrom were fixed by Oregon Laws 1929, ch 183.

It is true that the language of the 1923 act was re-enacted by Oregon Laws 1947, ch 206. Chapter 206, however, was an amendment to § 93.605, OCLA. The chapter of which § 93.605, OCLA, was a part was concerned with juvenile courts as defined by the earlier acts we have mentioned. It is apparent that the legislature, in 1947, simply overlooked the provisions of the code relating to the circuit court of Multnomah county. A careful consideration of all of the statutes we have mentioned compels the determination that ORS 419.542, supra, could only apply to county courts, or other courts, of limited jurisdiction. It could not permit appellate review between departments of the same court.

*Brown v. Irwin*, supra, involves the right of appeal from the probate department of the Multnomah circuit court to this court. It is concerned with the provisions of Oregon Laws 1949, ch 530, supra, as well as ch 477 of the 1949 laws pertaining to probate jurisdiction. It holds that an appeal from a "summary" determination of the probate department to this court may not be had. It certainly does not hold that an appeal could be taken from the probate department to another department of the same court. It denied the appeal to this court from the deter-

mination of the probate department following a summary hearing because in that situation the statute permitted the aggrieved party the right to a plenary rehearing in the same department. A judgment entered following a plenary hearing was, of course, appealable. In the instant case there is no similar restriction or limitation to be found governing an appeal from the domestic relations department to this court. In explanation of the statutes involved in the Brown case, the opinion of the court (187 Or at p 469) indicated, as we have here, that it would be inappropriate for the legislature to provide an appeal from one department of the circuit court of Multnomah county to another. An appeal from one department to another of this court would be just as unworkable.

■ One other matter guides our determination of this case. The appeal to the circuit court was attempted in October, 1956. On January 18, 1957, the circuit court entered an order finding that it was without jurisdiction to hear the appeal and dismissed the proceedings. As already mentioned, the legislature amended ORS 419.542 in the legislative assembly of 1957 by adding thereto subsection (5) which reads:

"The provisions of subsections (1), (2) and (3) of this section shall not be effective in those counties in which juvenile court jurisdiction is vested in the circuit court. [Amended by 1957 c. 414 § 1]"

We think that to be an expression of legislative intent that no such appeal was ever permissible. Be that as it may, the amendment did remove any possible jurisdiction of another department of the same court to hear an appeal from the domestic relations department. It is firmly fixed in our law that the repeal of an act granting a right of appeal deprives

the appellate court of any right to proceed with the appeal, even though jurisdiction had attached to the appellate court. *Brown v. Irwin,* supra, 178 Or 474, and cases there cited. The opinion of Chief Justice McBride in an opinion on rehearing in *Libby v. Southern Pacific Company,* 109 Or 449, 461, 219 P 604, 220 P 1017, is particularly cogent. He said: "To make our position absolutely clear we will say that, if the case had been properly appealed and set down regularly for trial, and in the meantime the act cited had gone into effect only one day before the date appointed for hearing, that fact would have ousted us of jurisdiction to hear the appeal."

In *State v. Ju Nun,* 53 Or 1, 8, 97 P 96, 98 P 513, Chief Justice Robert S. Bean held:

"\* \* \* It is settled that the repeal of a law conferring jurisdiction takes away all right to proceed, under the repealing statute, as to all actions, suits, or proceedings pending at the time of the repeal, unless there is a saving clause in the repealing statute, and this is so in an appellate as well as the court of original jurisdiction. [Citing cases.]"

In view of the amendment to ORS 419.542, therefore, if we were to hold that the circuit court erred in refusing jurisdiction, it is doubtful, to say the least, that we could revive the jurisdiction of that court to hear such an appeal. It would, perhaps, be different if the circuit court had actually heard the appeal de novo and this were an appeal from its determination. Here the court declined jurisdiction and we are of the view that it cannot be revived. We do not attempt to rule upon the question, however, as the amendment precludes future cases of this kind.

■ The appellant also contends that if such a right

of appeal does not exist, that Oregon Constitution, Art IV, § 23, has been violated. The section of the constitution referred to prohibits local and special laws. The answer to this is found in *Tichner v. Portland,* 101 Or 294, 200 P 466; *City of Pendleton v. Umatilla County,* 117 Or 140, 241 P 979. The same or similar statutes govern appeals in other judicial districts. The acts defining the jurisdiction of the circuit courts in such counties is neither local nor special.

As an alternative to the issues we have already discussed, appellant requests that we review the evidence submitted to the judge of the department and reverse the order made by that judge on the merits. We have already mentioned a little of the evidence. Part of the evidence upon which the judge made his ruling was submitted to the judge apparently at a hearing held in February, 1955, and other evidence was submitted in September of 1956. At the latter date it appeared that the appellant was attempting to rehabilitate herself and had employment as a nurses' aid. The father was on parole and attempting, likewise, a better course of life. What has transpired in the intervening time we do not know. It would be impossible for us, after such a lapse of time, to attempt to adjudge what is best for these children. The evidence considered by the judge of the department, and the only evidence before us, would not warrant a reversal of his findings. A further statement of the facts in the record is not justified or warranted. We can only join in the hope expressed at the time by the conscientious trial judge that the hesitant steps of these parties towards a new and better existence have become firm and no longer reluctant.

The order appealed from is affirmed.