Argued March 31, reversed and remanded with directions
April 27, petition for rehearing denied May 25,
petition for review denied June 27, 1972

RUSSELL ET AL, *Appellants, v.* PACIFIC MARI-
TIME ASSOCIATION ET AL (No. 30896),
*Respondents.*

BOLTON ET AL, *Appellants, v.* PACIFIC MARI-
TIME ASSOCIATION ET AL (No. 28208),
*Respondents.*

BROWN ET AL, *Appellants, v.* PACIFIC MARI-
TIME ASSOCIATION ET AL (No. 367-928),
*Respondents.*

496 P2d 252

*Raymond J. Conboy*, Portland, argued the cause for appellants. With him on the brief were Keith E. Tichenor and Pozzi, Wilson & Atchison, Portland.

*James II. Clarke*, Portland, argued the cause for respondent Pacific Maritime Association. With him on the brief were Michael G. Holmes, and McColloch, Dezendorf, Spears & Lubersky, Portland.

*Al J. Laue*, Assistant Attorney General, Salem, argued the cause for respondent Ross Morgan, Administrator, Employment Division, State of Oregon. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

SCHWAB, C. J.

Plaintiffs filed complaints in three circuit courts seeking judicial review of administrative decisions

denying their claims for unemployment benefits. Plaintiffs' consolidated appeals from dismissals in all three circuit courts present the question of what court, if any, has jurisdiction to review these administrative decisions.

Before September 9, 1971, former ORS 657.285 (2) provided for judicial review in the circuit courts. As of that date former ORS 657.285 (2) was repealed, Oregon Laws 1971, ch 734, section 21, p 1786, and new legislation became effective placing original jurisdiction to review administrative decisions, like those here involved, in this court. ORS 183.480 (2); ORS 657.282.

Defendant Pacific Maritime Association (PMA) then demurred to the circuit court complaints, contending the repeal of former ORS 657.285 (2) divested those courts of jurisdiction over the subject matter of these pending cases. Each of the three circuit courts sustained the demurrer. Plaintiffs appeal from those determinations.

Plaintiffs argue the circuit courts continue to have jurisdiction over cases of this type pending before them on September 9, and, should we hold otherwise, they have been unconstitutionally denied the right to judicial review of these administrative decisions because it is too late to seek review in this court under the 20-day time limit of ORS 657.282. Defendant PMA argues the circuit courts lost jurisdiction on September 9, with the repeal of former ORS 657.285 (2), but takes no position on whether it is possible for this court to review these cases on the merits. The Attorney General, representing the Administrator of the Employment Division, argues the circuit courts no longer have jurisdiction, but suggests that we can hear

these cases on the merits after ordering them transferred here pursuant to ORS 1.160.[1]

Language can be found in prior Oregon cases that tends to support each of these contentions. See, e.g., *Gibbs v. Multnomah County et al,* 219 Or 84, 346 P2d 636 (1959); *In Re Estate of T. A. Stoll,* 188 Or 682, 214 P2d 345, 217 P2d 595 (1950); *Brown v. Irwin, Executrix,* 187 Or 462, 212 P2d 729 (1949); *Libby v. Southern Pac. Co.,* 109 Or 449, 219 P 604, 220 P 1017 (1923); *State v. Ju Nun,* 53 Or 1, 97 P 96, 98 P 513 (1908).

■ To the extent that any precise rules can be distilled from these complicated cases, it would appear that: (1) statutes abolishing appellate jurisdiction apply to cases pending when the statutes become effective, e.g., *Libby v. Southern Pac. Co.,* supra; but (2) statutes which preserve a right of appeal but change the procedures therefor apply prospectively and do not affect pending cases, e.g., *In Re Estate of T. A. Stoll,* supra.

■ We believe the 1971 statutory changes here in question fall within the second category. Both before and after September 9, 1971, persons aggrieved by an administrative decision have a right to judicial review; all that changed on that date was the court to which an appeal would go. *Cf., Gostevskyh v. Kalugin,* 7 Or App 623, 492 P2d 826 (1972).

---

[1] ORS 1.160 provides:

"When jurisdiction is, by the constitution or by statute, conferred on a court or judicial officer, all the means to carry it into effect are also given; and in the exercise of the jurisdiction, if the course of proceeding is not specifically pointed out by the procedural statutes, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of the procedural statutes."

A somewhat similar situation was presented in the *Stoll* case. An appeal had been perfected in the Supreme Court from a circuit court's summary determination of a claim against an estate. While the appeal was pending, a statute became effective which abolished the right of appeal in such cases unless the losing party first demanded a plenary hearing in the circuit court. The Supreme Court held the new statute did not govern

> "* * * cases which had been heard [by a circuit court] and determined and over which this [the Supreme] court had acquired jurisdiction by appeal before the effective date of the new legislation * * *." 188 Or at 686.

The *Stoll* court stated the rule of *Libby v. Southern Pac. Co.*, supra, was not applicable because

> "* * * the repealing act in the Libby case abolished the right to appeal in all cases where the amount in controversy did not exceed $250.00, whereas we are dealing in this case with legislation which was intended to preserve the right of appeal in cases involving claims against an estate, while regulating the procedure in the probate court which must be followed by a party in order to avail himself of that right * * *." 188 Or at 688.

*See also, Drainage Dist. No. 7 v. Bernards,* 89 Or 531, 556, 174 P 1167 (1918):

> " 'we cannot presume that the legislature, by changing the forms of proceedings, intend to strike down or forbid any further progress in one already commenced.' "

We believe the plaintiffs in these cases are in substantially the same position as the appellant was in *Stoll*. Accordingly, on the authority of *Stoll* we hold that the pre-September 9, 1971 procedures, including circuit court jurisdiction, apply to all cases of this

type that were validly pending in circuit court on that date.

Reversed and remanded for further proceedings in accordance with this opinion.

FORT, J., dissenting.

The question is whether the trial courts correctly sustained the demurrers to their own jurisdiction. The statute under which these claims were filed vested jurisdiction thereof on appeal in the circuit court. ORS 657.285 (2). While pending in that court and before any of them were heard or disposed of there, ORS 657.285 (2) vesting jurisdiction in the circuit court was repealed. No saving clause was included in the new act. The function of the circuit court under former ORS 657.285 (2) was to serve in an appellate review capacity. The intent and effect of its repeal was not, as in *Stoll*,[1] to change the procedure within the circuit court, but rather to terminate absolutely and completely the jurisdiction of the circuit court. Nor are we here, as in *Stoll,* dealing with any matter "* * * which had been heard and determined and over which this court had acquired jurisdiction by appeal before the effective date of the new legislation." 188 Or at 686. In my view this case is governed by *Brown v. Irwin, Executrix,* 187 Or 462, 212 P2d 729 (1949). In that case, decided only five months before *Stoll* and written by the same justice, the court said:

> "* * * We need not stop to inquire when the proceeding was commenced, for it makes no difference whether or not the proceeding was pending at the time the acts in question took effect. These are statutes of procedure relating to the jurisdiction of

---

[1] In Re Estate of T. A. Stoll, 188 Or 682, 214 P2d 345, 217 P2d 595 (1950).

this court. 'It is settled', said Mr. Chief Justice ROBERT S. BEAN in *State v. Ju Nun,* 53 Or. 1, 8, 97 P. 96, 98 P. 513, 'that the repeal of a law conferring jurisdiction takes away all right to proceed, under the repealing statute, as to all actions, suits, or proceedings pending at the time of the repeal, unless there is a saving clause in the repealing statute, and this is so in an appellate as well as the court of original jurisdiction.' In *Libby v. Southern Pacific Company,* 109 Or. 449, 219 P. 604, 220 P. 1017, it was held, after an exhaustive review of the authorities by Mr. Justice Burnett, that an act of the legislature which abolished the right of appeal to this court in actions for money or damages only, unless it appeared from the pleadings in the case that the amount exceeded $250.00, made it necessary to dismiss the appeal in a case involving less than the jurisdictional amount, notwithstanding that before the law became effective, notice of appeal had been served and filed and undertaking on appeal given, and the transcript perfecting the appeal had been filed. The principle is concisely stated in one of the cases cited in the opinion as follows: 'The pending proceedings in the appellate court stop just where the rescinding act finds them'; and to illustrate the application of that principle Mr. Chief Justice McBRIDE, in an opinion on petition for rehearing in the Libby case, said: 'To make our position absolutely clear we will say that, if the case had been properly appealed and set down regularly for trial, and in the meantime the act cited had gone into effect only one day before the date appointed for hearing, that fact would have ousted us of jurisdiction to hear the appeal' (109 Or. 461). See, also, *Spicer v. Benefit Ass'n of Railway Employees,* 142 Or. 574, 594, 17 P. (2d) 1107, 21 P. (2d) 187, 90 A.L.R. 517; *Simpson v. Winegar,* 122 Or. 297, 258 P. 562.

"It is familiar doctrine that the remedy by appeal is not a constitutional right, but a statutory privilege in which nobody has a vested right. *Spicer*

*v. Benefit Ass'n of Railway Employees,* supra, 142 Or. 602; *Simpson v. Winegar,* supra, 122 Or. 305, 306; *Libby v. Southern Pacific Company,* supra, 109 Or. 460.

"Under the 1949 enactments, as we have said, the right to appeal to the Supreme Court from a summary determination of a claim against the estate of a deceased person has been abolished. The new statutes set forth the procedure necessary to be followed in order to lay the basis for an appeal to this court. Since this procedure was not followed, no appealable order was ever entered and this court is without jurisdiction of the cause. * * *" *Brown v. Irwin, Executrix,* 187 Or 462 at 474-75.

It is accordingly my opinion that the demurrer in each of these cases was correctly sustained.

As pointed out by the majority the jurisdiction of the circuit court was repealed by Oregon Laws 1971, ch 734, § 21. By § 33 of the *same* chapter, however, the legislature added a new paragraph (f) to ORS 2.510 (2), relating to the jurisdiction of this court which provides:

"(2) The Court of Appeals shall have exclusive jurisdiction of appeals in the following matters:

"* * * * *

"(f) In proceedings for review of orders of state agencies in a contested case as defined in ORS 183.310."

It is obvious, therefore, that the legislature by Oregon Laws 1971, ch 734, did not intend that the rights of litigants in contested cases to an appeal should be abandoned in cases pending under ORS ch 183 at the time Oregon Laws 1971, ch 734, was enacted. It is our duty to construe the provisions of a statute to render its difficult provisions harmonious one with another.

Since there was no saving clause contained in ch 734 relating to undecided cases then pending in the circuit courts of this state, we cannot, without doing violence to the clear legislative intent and the decisions of our Supreme Court, conclude otherwise than that the legislature intended to and did vest in this court exclusive jurisdiction for the review of all undecided cases pending in the circuit courts for the review of orders of state agencies in contested cases.

ORS 1.160 provides:

"When jurisdiction is, by the constitution or by statute, conferred on a court or judicial officer, all the means to carry it into effect are also given; and in the exercise of its jurisdiction, if the course of procceding is not specifically pointed out by the procedural statutes, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of the procedural statutes."

The Supreme Court pointed out in *State v. Endsley*, 214 Or 537, 331 P2d 338 (1958), that this statute

"* * * authorizes a court on which jurisdiction has been conferred either by constitution or by statute to adopt suitable process or mode of proceeding in order to carry such jurisdiction into effect." 214 Or at 546-47.

*See, also, Drainage Dist. No. 7 v. Bernards,* 89 Or 531, 555-56, 174 P 1167 (1918).

Since in my view Oregon Laws 1971, ch 734, § 33, does confer jurisdiction upon this court over the undecided cases referred to in ORS 183.010 (2) pending at the time of its adoption in the circuit courts, we do have and should exercise the authority to direct that all of these cases be transferred by the clerks of the respective circuit courts to this court to be heard and

determined in accordance with the established procedures of this court and the appropriate statutes. I would so order.

Accordingly, I respectfully dissent.